**Marvin J. SCHWARZ and Associates In Adolescent Psychiatry, S.C., Plaintiffs,**

v.

**HOSPITAL CORPORATION OF AMERICA, Hospital Affiliates International, Inc., North Beach Medical Center, Inc., HCA Health Services of Florida, Inc., Hospital Affiliates of Florida, Inc., James E. Buncher, Clayton McWhorter, Thomas Frist, Jr., David Williamson, George Vann and Thomas Frist, Sr., Defendants.**

No. 85–2688–CIV–KING.

United States District Court,
S.D. Florida,
Miami Division.

May 27, 1986.

Gary Sherman, for plaintiffs.

James J. Kenny, for defendants.

## ORDER GRANTING MOTION TO REMAND

JAMES LAWRENCE KING, Chief Judge.

This cause is before the Court upon the defendants', Thomas Frist, Jr., Nat Winston and Thomas Frist, Sr., petition to remove the above-styled action instituted in state court by the plaintiffs, Marvin J. Schwarz and Associates in Adolescent Psychiatry, S.C., and upon plaintiffs' motion to remand.

On April 25, 1985 plaintiffs filed the above-styled action, numbered 85–16742, in the 11th Judicial Circuit Court, Dade County, Florida seeking compensatory and punitive damages and specific performance against the defendants resulting from an oral agreement to develop and administer an adolescent psychiatric unit at North Beach Medical Center, Inc., Ft. Lauderdale, Florida. After being served on May 30, 1985 three of the defendants, Thomas Frist, Jr., Nat Winston and Thomas Frist, Sr., filed a petition for removal with this Court on June 28, 1985 based upon diversity of citizenship under 28 U.S.C. § 1441. Plaintiffs then filed their motion to remand on July 15, 1985.

Since this case was refiled after having been dismissed by Judge Roettger on March 25, 1985, the case was held in abeyance pending decision by Judge Roettger as to whether or not he would accept a low number transfer.

Plaintiffs' motion to remand this action is predicated upon the following arguments which this Court will address separately below:

1. The petition for removal is facially defective because at least one properly served defendant failed to join the petition for removal under § 1441(a).

2. The defendants/petitioners improvidently removed this action because at least one defendant is a citizen of the forum state under § 1441(b).

3. The actions against Thomas Frist, Jr., Nat Winston and Thomas Frist, Sr. are not removable as "separate and independent claims" under § 1441(c).

### 1. *Nonjoinder in Removal Petition*

■ Pursuant to removal procedures specified in 28 U.S.C. § 1446(a), all defendants are required to join in the removal petition with the exception that nominal or formal parties, unknown defendants, and fraudulently joined defendants may be disregarded. *Tri-Cities Newspapers, Inc. v. Tri-Cities P.P. & A. Local 349*, 427 F.2d 325, 326–27 (5th Cir.1970); 1A J. Moore and B. Ringle, *Moore's Federal Practice* ¶ 0.168 [3.–2–2] (2d Ed.1985). The *Tri-Cities* test for a nominal party is a factual question of whether "his role in the lawsuit is that of a depositary or stakeholder * * ". *Tri-Cities*, 427 F.2d at 327 (quoting *Colman v. Shimer*, 163 F.Supp. 347, 350 (W.D. Mich.1958)). The test for fraudulent joinder is "whether the plaintiff really intended to obtain a judgment against both defendants." 1A J. Moore and B. Ringle, *Moore's Federal Practice* ¶ 0.161 [2] (2d Ed.1985). The Fifth Circuit Court of Appeals stated:

> [T]here can be no fraudulent joinder unless it be clear that there can be no recovery under the law of the state on the cause alleged, or on the facts in view of the law as they exist when the petition to remand is heard. One or the other at least would be required before it could be said that there was no real intention to get a joint judgment, and that there was no colorable ground for so claiming.

*Parks v. New York Times Company*, 308 F.2d 474, 478 (5th Cir.1962), *cert. denied*, 376 U.S. 949, 84 S.Ct. 964, 11 L.Ed.2d 969 (1964). In addressing whether a ficticious defendant had been fraudulently joined, the Eleventh Circuit Court of Appeals stated, "the removing party must show either that there is no possibility that the plaintiff would be able to establish a cause of action against the resident defendant in state court or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir.1983).

Petitioners claim that defendants North Beach Medical Center, Inc. and Hospital Affiliates of Florida, Inc., as dissolved corporations and non-citizens of the forum state were not required to join the removal petition. Plaintiffs concede that these defendants were dissolved but point out that both defendants were merged into defendant HCA Health Services of Florida, Inc. on August 11, 1981. On the merger date, the surviving corporation became liable for the debts, contracts, and torts of the former corporations. *Barnes v. Liebig,* 146 Fla. 219, 1 So.2d 247 (1941). This Court finds that HCA Health Services of Florida, Inc., as the surviving corporation, is the real party in interest among the three corporations; thus, both of the former corporations were not required to join in the petition for removal. *Wallis v. Southern Silo Company, Inc.,* 369 F.Supp. 92 (N.D.Miss.1973).

The petitioners also claim that HCA Health Services of Florida, Inc. was fraudulently included as a nominal party solely to defeat removability. Counts 1 through 6 of plaintiffs' complaint seek damages for breach of oral and implied contract, joint venture, promissory estoppel, quantum meruit, and breach of fiduciary duty. Plaintiffs allege that the oral contract resulted from discussions between March and October 1980 with defendants Hospital Affiliates International, Inc. and North Beach Medical Center, Inc. This Court finds that the petitioners have failed to meet their burden of showing that no cause of action could be established against HCA Health Services of Florida, Inc. due to its status as the surviving corporation. Furthermore, this Court finds that both HCA Health Services of Florida, Inc. and Hospital Corporation of America meet the *Tri-Cities* test for a nominal party; thus, the petitioners have failed to comply with the removal procedures specified in § 1441(a).

### 2. *Forum State Defendant*

Pursuant to 28 U.S.C. § 1441(b), an action based on diversity cannot be removed to federal court if any defendant is a resident of the forum state. 1A J. Moore and B. Ringle, *Moore's Federal Practice* ¶ 0.161 [1.–1] (2d Ed.1985); *Vincent v. De-Maria Porsche-Audi, Inc.,* 532 F.Supp. 1035 (S.D.Fla.1982). Defendant HCA Health Services of Florida, Inc. is a Florida corporation and a citizen of the forum state; thus, the petitioners have failed to comply with the removal procedures specified in § 1441(b).

### 3. *Separate and Independent Claims*

Regardless of whether or not the § 1441(a) and (b) requirements are met, an action may be removed to federal court based on § 1441(c) if the Complaint states a separate and independent claim or cause of action as to the individual petitioners. *American Fire & Casualty Company v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951); *State Farm Fire & Casualty Company v. Tashire,* 386 U.S. 523, 87 S.Ct. 1199, 18 L.Ed.2d 270 (1967). Removal based on a "separate and independent claim" is not warranted "where a plaintiff seeks to recover damages for a single wrong, arising from an interlocked series of transactions, and sues several defendants, whether the claimed liability is joint, joint or several, several, or in the alternative...." 1A J. Moore and B. Ringle, *Moore's Federal Practice* ¶ 0.163 [4.–5] (2d Ed.1985).

Counts XIII, XIV, and XV of plaintiffs' complaint allege fraud against petitioners Nat Winston (HCA vice president of Professional Relations, Psychiatric Division), Thomas Frist, Jr. (HCA president), and Thomas Frist, Sr. (past president of HCA), respectively. Essentially identical, the counts allege that during discussions with plaintiffs, each petitioner 1) knew of the defendants' alternate plan to build a medical office building at North Beach Medical Center, Inc., 2) knew of false representations regarding the defendants' lack of commitment to establish the adolescent psychiatric unit, and 3) concealed the defendants' lack of commitment from the plaintiffs.

■ Plaintiffs essentially complain of one wrong—the deprivation of their contractual right to build a psychiatric care unit at North Beach Medical Center, Inc. Although the thrust of plaintiffs' complaint sounds in contract, the tortious claims against the petitioners arose out of the contractual negotiations. Tortious and contractual claims are not necessarily separate. *Paxton v. Weaver*, 553 F.2d 936 (5th Cir.1977). This Court finds that the petitioners have failed to prove a "separate and independent claim" pursuant to § 1441(c).

While plaintiffs are correct in their contention that the petitioners' attempt to squeeze into the removal requirements must fail, this Court finds fault in plaintiffs' attempt to squeeze into the jurisdiction of the Dade County Courts. The jurisdictional basis rests solely on the fact that defendant Hospital Corporation of America, a Tennessee corporation, does business in Dade County. Nothing else in the complaint indicates that any of the parties ever stepped foot into Dade County. Venue principles are strained where Illinois plaintiffs sue Tennessee defendants over a contract regarding a Broward County hospital in the Dade County Court system.

Accordingly, upon the plaintiffs' motion to remand, and the Court being fully advised, it is

ORDERED and ADJUDGED that plaintiffs' motion to remand be, and the same is, GRANTED. Furthermore, it is

ORDERED and ADJUDGED that the proceedings in this action be, and the same are, REMANDED with instructions to the Clerk of the Court to forward all original pleadings to the Clerk of the Court for the 11th Judicial Circuit in and for Dade County, Florida.

DONE and ORDERED in chambers at the United States District Courthouse, Miami, Florida, this 27th day of May 1986.