Joseph C. BELLONE, et al., Plaintiffs,

v.

ROXBURY HOMES, INC., et al., Defendants.

Civ. A. No. 90–0027–C.

United States District Court,
W.D. Virginia,
Charlottesville Division.

Oct. 11, 1990.

Matthew W. Perry, Jr., Palmyra, Va., for plaintiffs.

Robert Cantor, Richmond, Va., for defendants.

## MEMORANDUM OPINION

MICHAEL, District Judge.

The action presently before the Court is the motion to remand the case to the Circuit Court of Fluvanna County, Virginia, filed by the plaintiffs, Joseph and Julia Bellone, on June 12, 1990. According to the plaintiffs, the case was improperly removed and is not within the jurisdiction of this Court due to the fact that one of the two defendants, Roxbury Homes, Inc. (hereinafter "RH"), did not join in the petition for removal filed by the other defendant, International Building Systems, Inc. (hereinafter "IBS"), as is required by 28 U.S.C. § 1446(a) (1990). In its response to this motion to remand filed on July 12, 1990, defendant IBS argues that defendant RH was not required to join in the petition since RH has no assets and is, therefore, strictly a nominal or formal party to the lawsuit. The parties agreed to waive oral argument on this motion, and therefore, it is ripe for resolution.

### I.

The plaintiffs instituted this action against the defendants in the Circuit Court of Fluvanna County, Virginia, on May 3, 1990. In their complaint, the plaintiffs allege that the defendants were, *inter alia,* guilty of fraud and breach of contract concerning their agreement to construct a house for the plaintiffs in the Lake Monticello region of Fluvanna County, Virginia. Specifically, the plaintiffs maintain that, on January 9, 1989, they entered into a contract with RH which obligated the corporation, in exchange for an agreed contract price, to construct a house for the plaintiffs on a lot that they owned in the Lake Monticello area. According to the plaintiffs, when the house was only 50% complete and

they had paid to RH the full contract price, they were notified by RH's representatives that the corporation no longer had assets or money available, that the corporation would not complete the house, and that the corporation would not refund to the plaintiffs any of the amount that they had paid under the contract.

The plaintiffs, thereafter, filed suit against RH in the Circuit Court of Fluvanna County, Virginia. The plaintiffs also named IBS as a party defendant because IBS, in their estimation, was only a "continuation" of RH and had acquired, through fraudulent conveyances, RH's remaining assets. On May 25, 1990, IBS petitioned to remove the case to this Court. IBS asserted that, pursuant to 28 U.S.C. § 1332 (1990), this Court had jurisdiction over the case because there was complete diversity of citizenship between the parties and the amount in controversy exceeded $50,000; therefore, IBS concluded that removal to this Court was proper under 28 U.S.C. § 1441(a) (1990). RH did not, however, join in this petition.

On June 12, 1990, the plaintiffs filed a motion to remand the case to the Circuit Court of Fluvanna County, Virginia. They argued that the case was improperly removed and that this Court did not have jurisdiction due to the fact that RH, the principal alleged wrongdoer, did not join the petition for removal and that the deadline for RH's joining of that petition had passed. On July 2, 1990, IBS filed its response to this motion. It argued that RH was not required to join the petition for removal because RH, having no assets and engaging in no business enterprise at the time the case was filed, was a strictly nominal or formal party to the lawsuit.

### II.

The provisions of the United States Code dealing with the removal of cases from state to federal courts are found in 28 U.S.C. §§ 1441–52 (1990). The general rule announced by these provisions is that, if a federal court has original jurisdiction over a controversy brought in state court, then that case can be removed to federal court

as long as the procedural requirements of 28 U.S.C. § 1446 are met. Section 1446(a) of Title 28 of the United States Code states, in pertinent part, that:

A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a) (1990). Courts have consistently interpreted this provision to mean that all defendants to the action must join in the petition for removal or consent to such removal. *See Toyota of Florence, Inc. v. Lynch,* 713 F.Supp. 898, 905 (D.S.C. 1989); *Cohen v. Hoard,* 696 F.Supp. 564, 565 (D.Kan.1988); *Courtney v. Benedetto,* 627 F.Supp. 523, 525 (M.D.La.1986); *Romashko v. Avco Corp.,* 553 F.Supp. 391, 392 (N.D.Ill.1983); *Mason v. International Business Mach., Inc.,* 543 F.Supp. 444, 446 (M.D.N.C.1982); *McKinney v. Rodney C. Hunt Co.,* 464 F.Supp. 59, 62 (W.D.N.C. 1978). Even more importantly, courts have also continuously expressed their unwavering belief that the requirement of consensual unanimity among defendants in order for a lawsuit to be removed as well as all other aspects of the removal provisions must be strictly construed. *See Toyota,* 713 F.Supp. at 900; *Thompson v. Gillen,* 491 F.Supp. 24, 26 (E.D.Va.1980).

Three reasons are traditionally given for the general unwillingness of courts to expand upon these statutory provisions. First, removal of civil cases to federal court is, quite simply, an infringement on state sovereignty. Consequently, federal courts have concluded that the statutory provisions regulating removal must be strictly applied and that the federal judiciary cannot extend the jurisdiction of its courts beyond the boundaries set by those provisions. *See Mason,* 543 F.Supp. at 445; *Gillen,* 491 F.Supp. at 26. Second, state

courts are generally courts of general jurisdiction while federal courts are courts of limited jurisdiction. From this fundamental principle, federal courts have reasoned that they should be strictly limited to those cases in which original jurisdiction has been conferred upon them and should not be allowed to denigrate the requirements of the removal statutes to enhance their jurisdiction. *See Gillen,* 491 F.Supp. at 26. Finally and most importantly, a court without jurisdiction in a lawsuit is incapable of rendering a valid judgment. *See id.; Mason,* 543 F.Supp. at 445. Therefore, in order to avoid reversal for lack of jurisdiction and, hence, to avoid the entry of valueless judgments, federal courts have reasoned that the removal statutes should be applied strictly. *See Mason,* 543 F.Supp. at 445; *Gillen,* 491 F.Supp. at 26.

The view that removal statutes should be strictly construed is so well ingrained, moreover, that amendment of removal petitions after the deadlines prescribed by the relevant statutes have passed is limited to those instances involving only minor technical corrections as opposed to substantive revisions. *See Courtney,* 627 F.Supp. at 527; *Friedrich v. Whittaker Corp.,* 467 F.Supp. 1012, 1014 (S.D.Tex.1979). In sum, the practice that has been adopted by federal courts is that any doubts regarding compliance with removal provisions must be resolved in favor of remanding the case to state court. *See Gillen,* 491 F.Supp. at 26.

■ Despite the stringency with which courts interpret removal procedures, however, three exceptions to the requirement that all defendants join in or consent to a petition for removal have been recognized: (1) when the non-joining defendant has not been properly served at the time the removal petition is filed; (2) when the non-joining defendant is merely a nominal or formal party; and (3) when the removed claim is separate and independent from other aspects of the lawsuit filed in state court as defined by 28 U.S.C. § 1441(c). *See Northern Ill. Gas Co. v. Airco Indus. Gases,* 676 F.2d 270, 272 (7th Cir.1982); *Nannuzzi v. King,* 660 F.Supp. 1445 (S.D.N.Y.

1987); *McKinney,* 464 F.Supp. at 62. In the present case, IBS maintains that RH did not join the removal petition because RH falls within the second exception, i.e. that RH is only a nominal or formal party to the lawsuit. IBS argues that RH is a corporation without assets and is not presently engaged in any business enterprise. In support of its position that RH was not required to join the petition for removal, IBS cites a variety of cases in which defendants were not required to join a removal petition due to their status as purely nominal parties. *See, e.g., Stonybrook Tenants Assn., Inc. v. Alpert,* 194 F.Supp. 552 (D.Conn.1961). This Court's task, therefore, is to analyze the relevant statutory provisions and case law on this issue in light of the known facts in the present case to determine whether or not RH is, indeed, a nominal party or is, instead, a real party in interest whose failure to join the petition for removal requires the Court to remand the case to the Circuit Court of Fluvanna County, Virginia. *See Tri–Cities Newspapers, Inc. v. Tri–Cities P.P. & A. Local 349,* 427 F.2d 325, 327 (5th Cir.1970) (discussing the trial court's responsibility of conducting an *ad hoc* examination of each case to determine whether or not a party can accurately be described as a nominal or formal party).

To begin with, the Court accepts IBS' representations that RH is no longer operating as a business and, for this reason, did not intend to respond to the complaint filed in this case. Putting these representations aside, however, it is still undisputed that RH remains a corporation properly licensed under the laws of the State of Delaware. RH has not liquidated formally pursuant to any bankruptcy proceeding, and RH, through its registered agent in the Commonwealth of Virginia, was properly served with the complaint in this action. Even more importantly, *RH is the principal alleged wrongdoer in the present case.* Although IBS has suggested that, since RH has no assets, the plaintiffs, even if successful in this lawsuit, would be unable to recover damages from RH, this Court does not believe that its jurisdiction is premised upon the strength or weakness of a given defendant's financial statements. If this were true, a great number of cases now pending in the federal courts of this country would be improper due to the fact that some or all of the defendants in those suits are judgment-proof. *But see Stonybrook,* 194 F.Supp. at 555 (suggesting that the financial well-being of a defendant can be a factor for the court to consider in determining whether it is a strictly nominal or formal party).

Moreover, IBS submitted to the Court along with its legal memorandum in opposition to the motion to remand this case to the Circuit Court of Fluvanna County, Virginia, an affidavit signed by Joseph P. Vita, former president of RH, that indicated, *inter alia,* that RH would at that time "join in the Petition to Remove." To put it mildly, the Court is greatly surprised at how a corporation that was unable to consent to removal during the statutory time period for properly removing a case to federal court due to its inability to afford legal counsel could suddenly, after the deadline for consent had passed, then consent to removal. At minimum, this Court believes that RH's ability to consent to removal after the statutory deadline means that it could have consented to removal within the statutory time period.[1]

Additionally, one of the plaintiffs' principal allegations is that RH fraudulently con-

---

1. To the extent that IBS would now like to amend its removal petition to indicate RH's consent to removal, the Court would only remind the defendants that the time period for filing a removal petition has long since passed. Furthermore, the Court does not view now amending the petition to indicate the consent of RH to remove the case, when RH had earlier not indicated its consent to remove the case, as the type of minor amendment that is allowed. *See Courtney,* 627 F.Supp. at 527; *Mason,* 543 F.Supp. at 446 ("[A]mendments are improper other than to cure purely technical defects[.]"); *Gillen,* 491 F.Supp. at 27; *Friedrich,* 467 F.Supp. at 1014 ("Failure of a defendant to seek removal within the thirty day time limitation may not be cured retroactively by consenting to and joining a subsequently served defendant's petition for removal."). Therefore, the Court will not allow the removal petition to be amended to indicate that RH has now consented to removal.

veyed all of its remaining assets to IBS in order to escape, *inter alia,* its contractual obligations to the plaintiffs. To the extent that this allegation is proven by the plaintiffs at trial, RH emerges as a critically important party in this lawsuit. If the plaintiffs can show that RH did, in fact, fraudulently convey its assets to IBS, then the court hearing the case could order IBS to return all of the assets in question to RH, and in that event, RH would have assets to be applied to satisfying its debt to the plaintiffs. On this basis alone, RH's participation in this lawsuit can hardly be characterized as nominal, or "in name only."

Finally, all of the cases cited to the Court by IBS as well as those revealed by the Court's own research in which defendants have been adjudged nominal or merely formal parties are easily distinguishable from the facts of the present case. In the principal case relied upon by IBS, *Stonybrook,* 194 F.Supp. at 555, the corporation held to be a nominal defendant was simply a "shell" corporation that was organized to hold title to certain property for a limited period of time that had long since passed before that case was filed. Additionally, the *Stonybrook* court held that the corporation in question had no interest whatsoever in the litigation. *See also Kiddie Rides USA, Inc. v. Elektro–Mobiltechnik GMBH,* 579 F.Supp. 1476 (C.D.Ill.1984). Likewise, in *Wallis v. Southern Silo Co., Inc.,* 369 F.Supp. 92 (N.D.Miss.1973), the corporation held to be a nominal defendant was in the process of liquidating in bankruptcy.

The court in *Schwarz v. Hospital Corp. of America,* 636 F.Supp. 276 (S.D.Fla.1986), found that a corporation that had formally merged with another corporation on a specific date in the past was a nominal party to the lawsuit. In *Houston v. Newark Boxboard Co.,* 597 F.Supp. 989 (E.D.Wis. 1984), the Court held that a defendant corporation against which no cause of action was alleged and which had only been joined to the suit for the purposes of obtaining discovery was a dispensable party. In *Northern Illinois,* 676 F.2d at 271, the Seventh Circuit Court of Appeals held that

the American Arbitration Association was a nominal and unnecessary party in a case that merely involved a compulsory arbitration clause in a contract between the principal parties. The court in *Rose v. Giamatti,* 721 F.Supp. 906 (S.D.Ohio 1989), held that the Cincinnati Reds baseball team and the Major League Baseball Association were, at best, nominal parties to a controversy that pitted the plaintiff against the Commissioner of Major League Baseball. Finally, in *Ryan v. State Bd. of Elections for the State of Ill.,* 661 F.2d 1130 (7th Cir. 1981), the Seventh Circuit held that the Cook County Clerk was not an indispensable party in a suit involving the reapportionment of federal congressional districts in the State of Illinois.

Therefore, because (1) all of the cases cited by IBS in which a party has been ruled nominal or unnecessary for the purposes of removal or otherwise are clearly distinguishable from the present case; (2) RH is the principal alleged wrongdoer in this lawsuit; (3) RH has shown its ability to consent to removal after the time period for removal has passed; (4) RH is still a legally authorized corporation under the laws of the State of Delaware; (5) RH is not currently engaged in any bankruptcy proceeding; (6) RH is a critical party to this lawsuit insofar as the plaintiffs' allegations of fraudulent transfers are concerned, this Court believes that RH is a necessary and indispensable party to this lawsuit and that RH's failure to join the removal petition within the statutory time period requires this Court to remand the case to the Circuit Court for Fluvanna County, Virginia.

An appropriate Order shall this day issue.

## ORDER

For the reasons stated in the accompanying Memorandum Opinion, it is this day

ADJUDGED AND ORDERED

as follows:

1.  This case shall be, and it hereby is, remanded to the Circuit Court of Fluvanna County, Virginia.

2.  The Clerk of the Court is hereby directed to forward the original case file to the Circuit Court Clerk for Fluvanna County, Virginia.

3.  The case shall be, and it hereby is, stricken from the docket of this Court.