**EGLE NURSING HOME, INC.,**

v.

**ERIE INSURANCE GROUP, et al.**

Civil No. Y-97-1970.

United States District Court,
D. Maryland.

Oct. 21, 1997.

Francis R. Laws, Richard P. Rieman, Jr.,
Baltimore, MD, for Plaintiff.

Andrew Janquitto, Towson, MD, for Northern Ins. Co. of NY.

## MEMORANDUM OPINION

JOSEPH H. YOUNG, Senior District Judge.

### I.

This case, originally filed in the Circuit Court for Harford County, Maryland was removed to this Court and is before the Court on the motion of Plaintiff Egle Nursing Home, Inc. ("Egle") for remand. Egle, as an assignee of the cause of action belonging to an "insured" of Erie Insurance Group, filed this case on March 18, 1997. Erie Insurance Group is undisputedly a trade name used by the Erie Insurance Company and the Erie Insurance Exchange, two separate but related Pennsylvania corporations (*see* Def.'s Opp. to Mot. to Remand Ex. 1). Although both corporations are insurance carriers, Erie Insurance Group is not a legally-recognized entity and does not issue insurance policies. *Id.* Erie Insurance Exchange issued the policy relevant to this litigation, and therefore was the proper party to sue.

Egle served Erie Insurance Group with the complaint on April 2, 1997, and also served the complaint on the Maryland Insurance Commissioner in accordance with MD. ANN.CODE art. 48A, § 57 (1994). The Commissioner forwarded a copy of the complaint to the Erie Insurance Company on April 5, 1997. Defendant Northern Insurance Co. of New York ("Northern") was served on May 9, 1997, and subsequently filed a notice of removal on June 18, 1997, satisfying the requirements of 28 U.S.C. § 1446. Northern has also moved for leave to amend its notice of removal pursuant to FED.R.CIV.P. 15(a) in response to Egle's motion to remand.

### II.

Egle suggests that Erie Insurance Group did not consent to the removal petition as required by federal law and argues that Northern has offered no explanation for its failure to join Erie Insurance Group in the removal petition. The Court must analyze whether the notice of removal was improper for failing to indicate either the consent of all defendants or why such consent is unnecessary.

■ The consent of all defendants is required to remove an action to federal court. 28 U.S.C. § 1446(a); *Perpetual Bldg. & Loan Ass'n v. Series Directors of Equitable Bldg. & Loan Ass'n,* 217 F.2d 1, 5 (4th Cir.1954); *Bellone v. Roxbury Homes, Inc.,* 748 F.Supp. 434, 436 (W.D.Va.1990), and cases therein cited. Case law, however, has developed exceptions to this rule when a defendant is improperly served or is a "nominal or formal" party—generally, a party with no assets or one that does not actively engage in business. *Perpetual Bldg.,* 217 F.2d at 5; *Bellone,* 748 F.Supp. at 436–37; 14A FEDERAL PRACTICE & PROCEDURE § 3731, at 507–10. Further, a defendant over whom the state court has not acquired jurisdiction need not consent to the notice of removal. *Salveson v. Western States Bankcard Ass'n,* 731 F.2d 1423, 1429–30 (9th Cir.1984); *Republic Western Ins. Co. v. International Ins. Co.,* 765 F.Supp. 628, 629 (N.D.Cal.1991); 14A FEDERAL PRACTICE & PROCEDURE § 3731 at 504–07.

■ The removal jurisdiction of the federal courts is to be "scrupulously confined", *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 109, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941), and "[i]f federal [removal] jurisdiction is doubtful, a remand is necessary." *Mulcahey v. Columbia Organic Chem. Co.,* 29 F.3d 148, 151 (4th Cir.1994). This strict policy against removal and for remand protects the sovereignty of state governments and state judicial power. *Shamrock,* 313 U.S. at 108–09, 61 S.Ct. at 872. The party seeking removal bears the burden of stating facts in its notice of removal demonstrating an entitlement to removal. *Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353 (11th Cir. 1996); *Lewis v. Rego Co.,* 757 F.2d 66, 68 (3d Cir.1985); *Northern Ill. Gas Co. v. Airco Indus. Gases,* 676 F.2d 270, 272–73 (7th Cir. 1982); 14A FEDERAL PRACTICE & PROCEDURE § 3739 at 574.

Northern's original notice of removal states the parties to the litigation are of diverse citizenship, but does not explain why Erie Insurance Group did not join the notice of removal, or that Erie Insurance Group is a non-entity that need not consent to removal, or that service upon Erie Insurance Group was improper under Maryland law to confer

*in personam* jurisdiction. Federal courts addressing a party's failure to explain why a co-defendant has not joined a notice of removal have expressed different views on the question of whether such a failure renders the notice of removal defective, thereby compelling a remand. In *Scheall v. Ingram*, 930 F.Supp. 1448 (D.Colo.1996), the court remanded the case because the removal petition failed to explain the absence of the co-defendants' consent. *Id.* at 1449. In *Castle v. Laurel Creek Co.*, 848 F.Supp. 62 (S.D.W.Va.1994), the removing party failed to include the allegation of fraudulent joinder to defeat complete diversity in its notice of removal. The case was remanded on grounds that the failure to include this allegation in the notice of removal was a substantial and material defect compelling a remand. *Id.* at 66. In *Anne Arundel County v. United Pacific Ins. Co.*, 905 F.Supp. 277 (D.Md.1995), the moving defendant's failure to explain why a co-defendant had not joined the notice of removal required a remand, and the Court reasoned the notice's statement "upon information and belief" that the other defendant consented was insufficient. *Id.* at 278–79. In *Bellone, supra*, the court refused an attempt to amend a notice of removal failing to indicate the consent of a co-defendant or explain its absence, reasoning the amendment was not the type of "minor" amendment contemplated by the removal statute. 748 F.Supp. at 437 n. 1.

Some appellate courts have reached the opposite conclusion on similar facts. In *Northern Ill. Gas, supra*, the Seventh Circuit found that although a removal petition was defective for failing to allege the nominal party status of a co-defendant, the state court record attached to the removal petition contained the necessary information to establish a defendant's nominal party status. 676 F.2d at 274. The court permitted an amendment to cure this defect more than thirty days after the original petition was filed. *Id.* at 273. The court explicitly stated that amendment of a removal petition to correct this type of jurisdictional defect was permissible because the facts of that case rendered the petition's defect a mere technicality. *Id.* at 274. Similarly, in *Lewis, supra*, the Third Circuit sustained a removal petition which failed to allege that a non-joining defendant had not been served at the time of the petition where the petition stated "no entry of appearance has yet been made on behalf of [the non-joining defendant]." The court found this statement sufficient to satisfy the requirement of explaining the non-joinder of a co-defendant. 757 F.2d at 68–69. The Sixth Circuit permitted an amendment in *Tech Hills II Assoc. v. Phoenix Home Life Mut. Ins. Co.*, 5 F.3d 963 (6th Cir.1993) where the removal petition failed to allege the citizenship of the individual partners in a partnership to establish diversity jurisdiction. The court sustained the removal petition as amended to remedy the jurisdictional defect, holding that amendment of removal petitions should be liberally granted to effect the purpose of the modern pleading rules. *Id.* at 968–69.

■ In this case, the original notice of removal simply alleged Egle was a Maryland corporation, Erie Insurance Group was a Pennsylvania corporation, and Northern was a New York corporation. These allegations satisfy Northern's burden of alleging facts demonstrating the Court's diversity jurisdiction, but a clear split of authority exists on the question of whether Northern's failure to explain the absence of Erie Insurance Group's consent requires a remand. Erie Insurance Group is indisputably a non-entity that need not, and cannot, join in a removal petition. Further, Egle's service upon Erie Insurance Group was ineffective to bring the Erie Insurance Exchange within the Maryland court's *in personam* jurisdiction, and the Insurance Commissioner's service of the complaint on Erie Insurance Company does not trigger § 1446's thirty-day removal period. Northern, however, bears the burden under § 1446 of proving these facts to establish that Erie Insurance Group need not consent to removal as a non-entity or an improperly-served party, or that Erie Insurance Group consented to the original notice of removal. Northern has not satisfied this burden. Northern's original notice of removal contains none of these critical allegations. Unlike *Northern Ill. Gas, supra*, the notice of removal does not contain a state court record establishing the relevant facts concerning Erie Insurance Group's status; nor does the notice contain allegations similar to those in

*Lewis, supra.* Indeed, the notice is completely devoid of these highly relevant facts.

 The Court will therefore grant Egle's motion to remand and deny Northern's motion to correct this defect by amending its notice of removal. As stated, removal jurisdiction is strictly construed. The weight of authority holds that amendments of a notice of removal after the initial thirty-day period for removal has passed are permitted only to correct technicalities or to set out more specifically the grounds for removal already stated in the original notice. *Alexander ex rel. Alexander v. Goldome Credit Corp.,* 772 F.Supp. 1217, 1221 (M.D.Ala.1991) (refusing to permit amendment to reflect consent of all defendants), *overruled on other grounds by In re City of Mobile,* 75 F.3d 605 (11th Cir.1996); *Bellone,* 748 F.Supp. at 437 n. 1 (same); *Castle,* 848 F.Supp. at 66–67 (stating failure to allege fraudulent joinder in removal petition cannot be corrected by amendment because it adds new substantive allegation). As *Alexander* and *Bellone* indicate, the consent of all defendants to removal is not a mere technicality, but an important part of the burden carried by the party seeking removal jurisdiction.

### III.

Egle also contends remand is appropriate because service upon Erie Insurance Group was proper under Maryland law to confer *in personam* jurisdiction over Erie Insurance Exchange, and because Northern delayed filing its removal petition until June 18, 1997—more than thirty days after Egle made service upon Erie Insurance Group. Northern contends Egle's service of process upon Erie Insurance Group was improper, and did not confer jurisdiction over Erie Insurance Exchange because Erie Insurance Group is not a legal entity capable of being sued, and that its consent to removal is therefore not required.

The federal removal statute concerning removal procedure requires a defendant to file the notice of removal within thirty days of receipt, by service or otherwise, of a copy of the initial pleading setting forth the claim for relief. 28 U.S.C. § 1446(b). In a multiple-defendant case, the Fourth Circuit has followed the plain meaning of this statute, holding that a defendant must file the notice of removal within thirty days of service of process or receipt of the complaint. *McKinney v. Board of Trustees,* 955 F.2d 924, 928 (4th Cir.1992). The *McKinney* court stated, in *dicta,* that where B (Northern) is served more than thirty days after A (Erie Insurance Group) is served, and A does not petition for removal within thirty days of service upon it, the case may not be removed. *Id.* at 926 n. 3.

As one district court has noted, the federal courts have split over the question of when the time for filing a notice of removal begins to run, *see Bowman v. Weeks Marine, Inc.,* 936 F.Supp. 329, 332–42 (D.S.C.1996), and have applied one of two rules to address this question. Some courts have ruled that the time for filing begins to run when the defendant receives a copy of the initial pleading by any means—the so-called "receipt rule." *Id.* at 332 (quoting *Kluksdahl v. Muro Pharmaceutical, Inc.,* 886 F.Supp. 535 (E.D.Va. 1995)). Other courts apply the so-called "proper service rule," holding that the time for filing the notice of removal begins to run when the plaintiff obtains proper service on the defendant. *Id.* The Fourth Circuit has not ruled on the propriety of the "receipt rule" or the "proper service rule." *Bowman, supra,* at 332 (quoting *Kluksdahl,* 886 F.Supp. at 537–38).

Having held that Northern's notice of removal was inadequate as a matter of law, the Court need not reach the issue of whether Northern's notice of removal was timely filed, and need not decide whether the "proper service rule" or the "receipt rule" applies. The Court notes, however, that service of process on the Erie Insurance Group was not "proper" under Maryland law to vest a Maryland court with *in personam* jurisdiction, and therefore does not trigger a defendant's thirty-day period to remove the case to federal court. Maryland Rule 2–124(c) governs service upon a corporation, and the clear language of the rule indicates service upon the Erie Insurance Group was not proper under Maryland law to confer *in personam* jurisdiction over Erie Insurance Exchange in a Maryland court because the rule makes no provision for serving a trade name.

Further, Egle's reliance upon the recent case of *Academy of IRM v. LVI Environmental Servs., Inc.,* 344 Md. 434, 687 A.2d 669 (1997), is misplaced. Egle seizes upon language in the opinion holding entry of a default order against the trade name was sufficient notice to the corporation, *which had already been properly served with the complaint under Maryland law,* to permit entry of the default order against the corporation. *Id.* at 450, 687 A.2d 669. *IRM* is distinguishable because the corporation had previously received proper service of process, which constituted sufficient notice to permit entry of a default order. Here, the issue is whether initial service of process was properly made upon Erie Insurance Group as a method of conferring jurisdiction over Erie Insurance Exchange. Egle also overlooks *obiter dictum* in the opinion of the intermediate appellate court in the *IRM* case stating service of process upon a trade name would be ineffective under Maryland law. *LVI Environmental Servs., Inc. v. Academy of IRM,* 106 Md.App. 699, 706, 666 A.2d 899 (1995), *aff'd,* 344 Md. 434, 687 A.2d 669 (1997).

 Regarding the "receipt rule," Egle has proffered evidence demonstrating the Maryland Insurance Commissioner was served with a copy of the complaint, in accordance with MD.ANN.CODE art. 48A, § 57 (1994), and that the Commissioner sent a copy of the complaint to Erie Insurance *Company.* A certified mail receipt signed by an agent of the company was returned to the Commissioner indicating delivery had occurred on April 5, 1997. (Pl.'s Reply to Opp. to Mot. to Remand, Ex. C). Although this evidence arguably establishes Erie Insurance Company's receipt of the complaint on April 5, 1997, Erie Insurance *Company* did not issue the policy in question. Erie Insurance *Exchange* must receive the complaint to trigger the thirty-day time for filing the notice of removal because that company is the proper party to be joined in this case as the issuer of the relevant insurance policy.[1]

## IV.

Based upon the foregoing analysis, Northern's notice of removal is inadequate as a matter of law for failing to specify why the consent of Erie Insurance Group is not required for removal, or that Erie Insurance Group consented to removal. Accordingly, Plaintiff's Motion to Remand the case will be granted, Defendant Northern Insurance Company of New York's Motion to Amend Notice of Removal will be denied, and the case will be remanded to the Circuit Court for Harford County, Maryland.

### ORDER

In accordance with the attached Memorandum, it is this 21st day of October 1997, by the United States District Court for the District of Maryland, ORDERED:

1. That Defendant Northern Insurance Company of New York's Motion to Amend Notice of Removal BE, and the same Is, hereby DENIED; and

2. That Plaintiff's Motion to Remand BE, and the same IS, hereby GRANTED; and

3. That the case BE, and the same Is, hereby REMANDED to the Circuit Court for Harford County, Maryland for want of removal jurisdiction; and

4. That the Clerk of this Court forward the file to the Clerk of the Circuit Court for Harford County, Maryland; and

5. That a copy of this Memorandum and Order be mailed to counsel for the parties.

---

1. In an analogous situation, federal courts have uniformly held that service of process upon a subsidiary or affiliated corporation does not confer jurisdiction on the parent corporation where separate corporate entities are maintained, absent evidence that the subsidiary is the *alter ego* of the parent. *Bally Export Corp. v. Balicar, Ltd.,* 804 F.2d 398, 403 (7th Cir.1986); *Adams v. AlliedSignal Gen. Aviation Avionics,* 74 F.3d 882, 885 (9th Cir.1996); *Akzona Inc. v. E.I. DuPont De Nemours & Co.,* 607 F.Supp. 227, 237 (D.Del. 1984).