Donald R. MAYES, Plaintiff,

v.

Gregory A. MOORE, Smithfield Management Corporation, Smithfield Barbecue, Inc., Smithfield's of Gum Branch, Inc., Midatlantic Restaurant Corporation, Smithfield's of New Bern, Inc., Smithfield's of Ogden, Inc., Smithfield's of Zebulon, Inc., Smithfield's of Clayton, Inc., Smithfield's of Dunn, Inc., Smithfield's of Fayetteville, Inc., Defendants.

No. 1:04 CV 811.

United States District Court,
M.D. North Carolina.

March 25, 2005.

Curtis Scott Holmes, Durham, NC, for Plaintiff.

Marvin Schiller, David Garrett Schiller, Raleigh, NC, for Defendants.

## MEMORANDUM OPINION and ORDER

OSTEEN, District Judge.

This matter is now before the court on Plaintiff's Motion to Remand and Motion to Strike. For the reasons stated herein, the court finds Smithfield's of Dunn, Inc. is a nominal party to the action. The court also finds it has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. Plaintiff's motion to remand the case to the General Court of Justice, Superior Court Division, Durham County, North Carolina, will be denied. Additionally, and for the reasons stated herein, the court finds the motion to strike is now moot.

## I. BACKGROUND

Plaintiff Donald R. Mayes filed this action in Durham County Superior Court against eleven defendants: Gregory A. Moore ("Moore"), Smithfield Management Corporation ("SMC"), Smithfield Barbecue, Inc., Smithfield's of Gum Branch, Inc., Midatlantic Restaurant Corporation ("MRC"), Smithfield's of New Bern, Inc., Smithfield's of Ogden, Inc., Smithfield's of Zebulon, Inc., Smithfield's of Clayton, Inc., Smithfield's of Dunn, Inc. ("Smithfield's of Dunn"), and Smithfield's of Fayetteville, Inc. Plaintiff brings claims for sexual discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* He also brings state law claims for unfair and deceptive trade practices, wrongful discharge in violation of public policy, intentional infliction of emotional distress, and wrongful eviction.

Plaintiff asserts that from January 6, 2003, until his termination and eviction on February 9, 2003, he was employed by SMC as the chief financial officer for SMC and its subsidiaries, and also by Moore, the chief executive officer of SMC, as Moore's personal assistant and estate manager. Plaintiff Mayes alleges that he responded to an advertisement "for the position of Chief Financial Officer at SMC and another advertisement for estate manager." (Compl. ¶ 19.) He then met with Defendant Moore "who indicated a need for a personal assistant, an estate manager, and someone to handle his personal finances." (*Id.* ¶ 20.) All acts of which Plaintiff Mayes complains were committed against him by Defendant Moore. Mayes claims that it was Moore who sexually harassed him, wrongfully terminated him, treated him with willful or wanton disregard for his rights, and wrongfully evicted him from the residence Moore owned in Cary, North Carolina.

Mayes brings these claims against the additional nine defendants, who did not employ him, on the basis of his belief that the other corporations are "instrumentalities" of SMC and that Moore owns a controlling interest in those companies. (*Id.* ¶¶ 2, 4–13.) Plaintiff alleges that as chief financial officer, he "reviewed and prepared documents for all of the individual Defendant corporations." (*Id.* ¶ 14.) Mayes does not allege that he was an employee of or a lessor of property owned by these other defendants.

After the complaint was served, a notice of removal was timely filed that purported to represent the interests of all defendants. However, just before the notice of removal was filed, one defendant, Smith-

field's of Dunn, answered the complaint in state court.

Plaintiff alleges that Defendant Moore controls Smithfield's of Dunn and that the "corporation is an instrumentality of SMC." (*Id.* ¶ 12.) However, in opposing Plaintiff's Motion to Remand, all defendants except Smithfield's of Dunn ("Removing Defendants") submit affidavits to show that they have no relationship with Smithfield's of Dunn, and that neither Defendant Moore nor Defendant SMC has ever been an owner or officer of Smithfield's of Dunn. (R. Massengill Aff. ¶¶ 3, 5–7.) Smithfield's of Dunn was incorporated under a franchise agreement between MRC [1] and an unrelated party to this action, Dale Massengill, who was the sole shareholder and director until his death in August 1998. (*Id.* ¶ 3.) After Massengill's death, SMC [2] operated the store on behalf of the estate until June 30, 1999. (*Id.* ¶ 8.) In 1999, all assets owned by Smithfield's of Dunn were sold to another corporation, 421 Harnett, Inc.[3] (*Id.* ¶ 10.) Smithfield's of Dunn has done no business since February 3, 1999, and all of its assets were disbursed as provided in Dale Massengill's will. (*Id.* ¶¶ 11–13.)

## II. MOTION TO REMAND

The parties agree that, if properly removed, the court would have original jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1367. The court agrees with this contention. The parties disagree over whether removal was properly effected. Plaintiff contends that there was a defect in the removal procedure because Smithfield's of Dunn did not consent to removal, so the court must now remand the case. The Removing Defendants counter that Smithfield's of Dunn is a nominal party, and its consent was not required to effect removal.

■ The proper procedure for removal requires that "defendants desiring to remove any civil action ... from a State court shall file ... a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure." 28 U.S.C. § 1446(a). All defendants must join in a notice of removal. *See Perpetual Bldg. & Loan Ass'n v. Series Dirs. of Equitable Bldg. & Loan Ass'n*, 217 F.2d 1, 6 (4th Cir.1954); *Freeman v. Bechtel*, 936 F.Supp. 320, 325 (M.D.N.C.1996).

■ This "rule of unanimity" allows an exception for "nominal" or "formal" parties, whose consent is not required. *Egle Nursing Home, Inc. v. Erie Ins. Group*, 981 F.Supp. 932, 933 (D.Md.1997). A nominal or formal party has been described as one "with no assets or one that does not actively engage in business," *id.*, or as one

1. MRC is the franchisor for Smithfield's Chicken 'N Bar-B-Q restaurant concept. (Barringer Aff. ¶ 5.)

2. SMC contracts with some of the corporations that operate Smithfield's Chicken 'N Bar-B-Q restaurants to provide administrative support services, such as payroll, bookkeeping, compliance, and personnel services. (Moore Aff. ¶¶ 5–6.) In the event a franchisee is terminated or dies, SMC has the power to take over operations at the franchised restaurant. (*Id.* ¶ 9.) Defendant Moore is the president and sole shareholder of SMC. (*Id.* ¶ 2.)

3. Defendant Moore was the sole stockholder of 421 Harnett, Inc. when it purchased all assets of Smithfield's of Dunn. (Moore Aff. ¶ 21.) The sale price was "One Dollar and other good and valuable consideration, and the mutual promises and covenants herein contained." (R. Massengill Aff. Ex. B.) In its state court answer, Smithfield's of Dunn alleges that it disclosed information about this sale to Plaintiff's attorney. (Answer ¶ 53.) On December 20, 2002, 421 Harnett, Inc. conveyed these assets to D & A Foods, Inc., a corporation owned by David Harris. D & A Foods, Inc. owned these assets during Plaintiff's employment with SMC and Moore. (Moore Aff. ¶¶ 22–23.)

against whom "no reasonable basis [exists] for predicting that it will be held liable," *Shaw v. Dow Brands, Inc.,* 994 F.2d 364, 369 (7th Cir.1993). For example, in *Shaw v. Dow Brands, Inc.,* a products liability action, the parent corporation was a nominal party because it had "no connection with the manufacture, sale or distribution" of the product and was joined in the action "solely because of the acts of its subsidiary." *Id.*

■ Another test for determining whether a party is nominal is "whether in the absence of the [defendant], the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to plaintiff." *Tri–Cities Newspapers, Inc. v. Tri–Cities Printing Pressmen & Assistants' Local 349,* 427 F.2d 325, 327 (5th Cir.1970) (internal quotations and citations omitted). Under this test, the "bottom line concern ... is whether the plaintiff can establish a cause of action against the nonremoving defendant in state court." *Farias v. Bexar County Bd. of Trs. for Mental Health Mental Retardation Servs.,* 925 F.2d 866, 871–72 (5th Cir.1991). Whether a party is nominal requires exploration into the facts of each case. *Tri–Cities Newspapers, Inc.,* 427 F.2d at 327.

■ Applying either of these tests to Smithfield's of Dunn shows that it is a nominal party to this action. During the time of Plaintiff's employment in January and February of 2003, Smithfield's of Dunn did no business and held no assets.

The corporation had no connection with Plaintiff's hiring, termination, eviction, or the conditions of his employment. It appears that this Defendant was named in the suit only because it continues to exist as a corporation entitled to do business in the state of North Carolina and continues to bear the "Smithfield's" name. There appears to be no basis for imputing any liability to this corporation.[4]

Alternatively, if Smithfield's of Dunn is dismissed from this suit, a final judgment could still be rendered in favor of Plaintiff Mayes that would be fair and equitable to him. Under the facts of this case, Mayes could establish no cause of action against Smithfield's of Dunn. The company performed no actions which injured Plaintiff, did not employ Plaintiff, did not provide Plaintiff with housing, did not employ the persons who allegedly injured him, and otherwise owed him no duty. This court can see no legal theory under which Plaintiff could recover against Defendant Smithfield's of Dunn under the facts alleged.

Because Smithfield's of Dunn is only a nominal party to this suit, its consent was not needed to remove the case. Thus, removal was proper and this court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

### III. MOTION TO STRIKE

■ At a hearing held December 20, 2004, the court ordered the Removing De-

---

4. Plaintiff incorrectly argues that because Defendant Moore owned 421 Harnett, Inc., the corporation that purchased Smithfield's of Dunn's assets in 1999, Moore somehow continues to control Smithfield's of Dunn. (Reply Defs.' Mem. Law Response Pl.'s Mot. Remand at 5.) In fact, there has been no showing that Defendant Moore has any legal connection to Smithfield's of Dunn, other than his relationship with SMC and its power to take over operations of a restaurant after the franchi-

see's death. This is not enough to hold Smithfield's of Dunn, the corporation, liable for any of the acts of which Plaintiff now complains. Defendant Moore may continue to exert some control over the restaurant operating in Dunn, North Carolina, which the Plaintiff remains entitled to prove, but there is no evidence that he has any control over or any interest in that restaurant's former owner, Smithfield's of Dunn.

fendants to submit affidavits and other documents by January 7, 2005, in support of their argument that Defendant Smithfield's of Dunn was a nominal party. On January 7, 2005, Removing Defendants submitted a Motion to Extend Time to File a Memorandum of Law and Supporting Documentation, asking to extend the January 7, 2005, deadline to January 10, 2005, because of problems acquiring affidavits from people outside the Removing Defendants' control, the holiday schedule, and problems acquiring documents that were several years old. The court granted the motion and the Removing Defendants filed their documents and memorandum on January 10. Before receiving notice that the court had granted this motion, Plaintiff filed a Motion to Strike the late filings on the ground that they were filed without an extension granted by the court. Because the court did, in fact, grant the extension, Plaintiff's motion is now moot and will be denied.

## IV. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Plaintiff's Motion to Remand [10] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike [33] is DENIED AS MOOT.