**MILSTEAD SUPPLY CO.**

v.

**CASUALTY INSURANCE CO. and Transportation Insurance Co.**

**Civ. No. A–92–CA–369.**

United States District Court,
W.D. Texas,
Austin Division.

July 31, 1992.

Ronald Dean Wamsted, Brown, Maroney, Rose, et al., Austin, Tex., for plaintiff.

Robert M. Greenberg, Law Office of Robert M. Greenberg, Dallas, Tex., Delno

John Grosenheider, Wilson, Grosenheider & Burns, Austin, Tex., for defendants.

## ORDER

NOWLIN, District Judge.

Before the Court is Plaintiff Milstead Supply Company's Motion to Remand, filed June 19, 1992. On July 30, 1992, this Court held a hearing to consider this motion and the related issues. Having reviewed and considered this motion, the responses, the supplemental pleadings, and the argument of counsel presented at the hearing, this Court is of the opinion that this motion should be DENIED.

## I. BACKGROUND

In its original petition [1] in state court, the Plaintiff affirmatively stated that the Defendant Casualty Insurance and the Defendant Transportation Insurance were both "organized under the laws of the State of Illinois" and "licensed to sell insurance in the State of Texas," as well as that both defendants could be served through their designated Texas Agents. The petition did state that the Plaintiff Milstead Supply "is a Texas corporation with its principal place of business in Travis County, Texas." Although the original petition did not state that the two defendant corporations were only "incorporated" in Illinois, the petition did arguably imply that the defendants were incorporated in Illinois. The petition did not make any statements concerning the principal place of business of the two defendants. From the face of the petition, therefore, this action was not clearly removable on the basis of diversity jurisdiction.

Defendant Transportation Insurance was served on May 14, 1992. According to the removal statute, Defendant had thirty days, until June 15, 1992, to remove this action to federal district court. *See* 28 U.S.C. § 1446(b). Defendant Transportation Insurance did file its petition for removal and notice of removal with this Court on June 15, 1992.

---

1. In Texas state courts, the original pleading of a plaintiff is called a petition, as distinguished from the use of the name complaint in federal court.

In its original petition for removal, Defendant Transportation Insurance did state that this action is removable based upon 28 U.S.C. § 1441(a) because the United States District Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a). Defendant Transportation Insurance pleaded that it is an Illinois corporation whose principal place of business is Illinois. The removal petition also stated that Defendant Casualty Insurance "is an Illinois corporation licensed to sell insurance in the State of Texas."[2] This removal petition did not state that Defendant Casualty Insurance's principal place of business was outside the State of Texas.

The plaintiff has moved to remand this action to state court on either of two grounds: (1) that the later served defendant, Casualty Insurance, did not properly join in the initial removal petition; or, (2) that the original removal petition does not adequately set forth the diversity jurisdiction of this federal district court.

## II. THE JOINDER IN THE REMOVAL BY THE LATER SERVED DEFENDANT

A notice of removal shall be filed by the defendant within 30 days after the receipt by the defendant of a copy of the initial pleading. 28 U.S.C. § 1446(b).

■ 28 U.S.C. § 1332 is the diversity jurisdiction statute for federal courts. This provision permits original jurisdiction in federal district courts over civil actions where the dispute is between citizens of different states and the amount in controversy exceeds $50,000. 28 U.S.C. § 1332(a). For the purposes of Section 1332 and Section 1441 [the general removal statute], a corporation is deemed a citizen: (1) of any State in which the corporation is incorporated; *and*, (2) of the State where the corporation has its principal place of business. 28 U.S.C. § 1332(c).[3]

Another statutory provision relating to removal and remand is relevant to this action. 28 U.S.C. Section 1448 states that:

In all cases removed from any State court to any district court of the United States in which any one or more defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

This section shall not deprive any defendant upon whom process is served after removal of his right to move to remand the case.

28 U.S.C. § 1448.

■ Although the removal and remand statutes do not expressly require such action, the Fifth Circuit holds that 28 U.S.C. § 1446(b) requires all defendants who have been properly joined and served at the time of the removal are required to join in the removal petition, otherwise the removal is defective. *See Farias v. Bexar County Board of Trustees for Mental Health Mental Retardation Services*, 925 F.2d 866, 871 (5th Cir.1991), *cert. denied* — U.S. ——, 112 S.Ct. 193, 116 L.Ed.2d 153 (1991), (citing to *Getty Oil Corp. v. Insurance Company of North America*, 841 F.2d 1254, 1262 (5th Cir. 1988)). The failure of all defendants to join in the removal petition is not a jurisdictional defect. *Johnson v. Helmerich & Payne, Inc.*, 892 F.2d 422, 423 (5th Cir.1990) (citations omitted). An exception to the general rule is: "Nominal" or "formal" parties need not join in the removal petition. *Farias*, 925 F.2d at 871 (citation omitted). To show that the non-removing parties are "nominal," the removing party must show that the plaintiff cannot establish a cause of action against the non-removing defendants in state court. *Id.* (citation omitted). None of the parties argue that Defendant

---

**2.** This language revealed as much information about Defendant Casualty Insurance as did the Plaintiff's original petition.

**3.** Consequently, a corporation is deemed a citizen of all of the States in which it is incorporated, as well as the State where the corporation has its principal place of business.

Casualty Insurance, which did not join in the original removal petition, is a "nominal" party.

In *Getty Oil*, the Fifth Circuit precisely stated the requirements of Section 1446(b) for cases that involve multiple defendants:

> .... In cases involving multiple defendants, the thirty-day period begins to run as soon as the first defendant is served (provided the case is then removable). It follows that since all served defendants must join in the petition [for removal], and since the petition must be submitted within thirty days of service on the first defendant, all served defendants must join in the petition no later than thirty days from the day on which the first defendant was served. This rule ... promotes unanimity among the defendants without placing undue hardships on subsequently served defendants. Indeed, if a removal petition is filed by a served defendant and another defendant is served after the case is thus removed, the latter defendant may still either accept the removal or exercise its right to choose the state forum by making a motion to remand [pursuant to 28 U.S.C. § 1448].

*Getty Oil*, 841 F.2d at 1263 (citations and footnotes omitted).[4] Most noteworthy, the removing defendant in *Getty Oil* was aware that the other defendant had been served, and this other defendant was also aware of the original petition for removal in that case. *See id.* at 1263 n. 12. The Fifth Circuit suggested that, on remand thereto, the federal district court should determine the reasonableness of the removing defendant's conduct and the existence, if any, of any "exceptional circumstances" that might justify the later-served defen-

dant's delayed joinder in and consent to the removal of the action. *Id.* at 1263 n. 12 and 1264.

■ Because of the strict interpretation of the 30 day time limit to remove a case imposed upon the first-served defendant, such a defendant can often be faced with a task of removing first and asking questions later. Defendant Transportation was faced with such a dilemma in this action. Generally, when the first served defendant abstains from seeking removal or does not effect a timely removal, all later served defendants cannot remove the action because of the requirement of unanimity among defendants for removal. *See Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir.1986) (footnote and citations omitted).[5] The Fifth Circuit does recognize that "exceptional circumstances" might permit removal even when a later-joined defendant petitions for removal more than 30 days after the first defendant was served. *Id.* at 482.

The dispute centers upon the service of the original state petition upon Defendant Casualty Insurance. Plaintiff Milstead Supply asserts that because Defendant Casualty Insurance Company was served with process on June 10, 1992, that the removal petition filed by Defendant Transportation Insurance is defective because Defendant Casualty Insurance did not join in the removal as required by the relevant case law.

Defendant Transportation Insurance's counsel's uncontested testimony was credible that his client was, at the time the original petition for removal was filed, justifiably unaware of Defendant Casualty's having been served.[6] The Texas Rules of Civil Procedure permit any properly authorized person to serve process and citation upon the defendants. *See* Tex.R.Civ.Proc.

---

**4.** *Getty Oil* did involve a defendant who had been served two days prior to the filing of the removal petition by another defendant, and approximately 9 days prior to the 30 day deadline to remove from the date the first defendant was served. *See Getty Oil*, 841 F.2d at 1256. The latter served defendant did not join in the petition for removal until some 15 days after this 30 day deadline.

**5.** If Defendant Transportation Insurance had not removed this action on June 15, 1992, then Defendant Transportation Insurance arguably could have waived its own right to remove and the later served defendants ability to remove.

**6.** Defendant Transportation Counsel's counsel also testified that his client was not served with Defendant Casualty Insurance's answer which was filed in state court some time after the removal petition had been filed.

103. This rule has permitted the use of various private individuals and entities to engage in the service or process. The Texas rules also require that the citation, once served upon the appropriate defendant, be returned to the court. *See* Tex.R.Civ.Proc. 107 and 105. The Texas rules do not require that defendants be notified of service of process upon other defendants. Apparently, the responsibility to learn of service upon other parties to the action rests with the party desiring such knowledge. Defendant Transportation Insurance appears to have been more than reasonably diligent in attempting to learn of the facts concerning Defendant Casualty Insurance.

Defendant Transportation Insurance was unaware, at the time of filing of it original removal petition, that Defendant Casualty Insurance had been properly served and joined. Defendant Transportation Insurance argues that it did inquire to determine whether Defendant Casualty Insurance had been served and that, at the time of this inquiry, no return of service had been filed. As the Defendant Transportation Insurance pleads, the return of service upon Defendant Casualty Insurance was filed with the state court at 2:05 p.m. on June 15, 1992. Defendant Transportation's original petition for removal and notice of removal were filed with this Court on June 15, 1992, at 5:01 p.m., according to the file stamp on the documents.[7] The pertinent question before this Court then becomes whether a distinction should be made between the defendants who have actually been served prior to the filing of the notice or petition for removal and those defendants whose return of service was filed with the state court prior to the removal.

This is a case which demonstrates that even the brightest of the "bright line" rules of law and procedure do nevertheless have some gray areas which require further judicial interpretation.

Because Defendant Transportation Insurance was reasonably diligent in attempting to ascertain whether Defendant Casualty Insurance had been served and because Defendant Transportation Insurance had no actual knowledge and had no constructive knowledge that Defendant Casualty Insurance had indeed been served at the time of the removal, this Court finds that the exceptional circumstances of this case justify the following holding.

■■■ For the following reasons this Court holds joinder in or consent to the removal petition must be accomplished by only those defendants: (1) who have been served; and, (2) whom the removing defendant(s) actually knew or should have known had been served.[8] The second requirement encompasses the served defendants whom the removing defendant(s) actually knew had been served. This requirement also mandates that the removing defendant(s) obtain the consent or joinder of the other defendant(s) whom the removing defendant(s) should have been aware of because of the constructive notice of the filing of the return of service in the state court. The constructive notice element should only be applied to removing defendants who had a reasonable time to become aware of the filing of such service and had a reasonable time in which to obtain the consent or joinder of such other defendants. To mandate that all defendants who have been actually served must join in any removal filed after the actual time of service upon such defendants would be inconsistent with the spirit and purpose of the federal rules, as well as contrary to logic and common sense, and could create motivation for improper conduct in serving defendants.

■■■ A time period of slightly less than three hours between the filing of the service of process of another defendant and the filing of the removal papers by the first defendant is not such a reasonable time. No evidence was offered to controvert the testimony of Defendant Transportation

---

7. There is often a delay of some time, at a minimum some hours and possibly some days, before a pleading or other paper that is filed in a court clerk's office is actually placed in the clerk's file containing the filings in the case.

8. Of course, the "nominal" or "formal" defendants need not join in or otherwise consent to the removal.

that it was entirely unaware that service had been perfected upon Defendant Casualty Insurance. Therefore, under the unique and exceptional facts and circumstances of this case, the original removing defendant, Transportation Insurance, was not required to have obtained the consent or joinder of Defendant Casualty Insurance at the time of the filing of the original petition for and notice of removal in this action.[9]

Such a conclusion is also fair to defendants who are placed in a similar situation to Defendant Casualty was in this action. Such defendants would still be able to move to remand the case if they so desired.

## III.  THE DIVERSITY ALLEGATION IN THE REMOVAL PETITION

The Plaintiff also asserts that the removing Defendant failed to properly plead the diversity jurisdiction, the basis for this Court's subject matter jurisdiction over this action.

The Fifth Circuit has addressed a similar case where a removing defendant had failed to properly allege the citizenship of a corporation in a removal petition based upon diversity jurisdiction. *See Firemen's Insurance Co. v. Robbins Coal Co.*, 288 F.2d 349, 350 (5th Cir.1961) *cert. denied* 368 U.S. 875, 82 S.Ct. 122, 7 L.Ed.2d 77 (1961). In *Firemen's Insurance Co.*, the Fifth Circuit allowed the removing party to amend its removal petition, thereby curing the alleged jurisdictional defect, upon motion to the circuit court. The Fifth Circuit based its decision upon 28 U.S.C. § 1653, which the circuit held was applicable to petitions for removal.[10] In its original petition for removal, the removing defendant had only pleaded that the plaintiff corpora-

tion and the defendant corporation were incorporated in different states. *See Firemen's Insurance Co.*, 288 F.2d at 350. The Fifth Circuit allowed the removing defendant to amend its removal petition, at the appellate level, to include the affirmative allegation to show that the principal place of business of the plaintiff corporation was in a different state than the principal place of business of the defendant corporation. *Id.* Following its decision in *Firemen's Insurance*, the Fifth Circuit affirmed a federal district court's decision to permit an amendment of a removal petition by a removing party who had failed to specifically allege the citizenship of the parties. *See D.J. McDuffie, Inc. v. Old Reliable Fire Insurance Co.*, 608 F.2d 145, 146–147 (5th Cir.1979) *cert. denied* 449 U.S. 830, 101 S.Ct. 97, 66 L.Ed.2d 35 (1980).

Accordingly, this Court does have the authority to permit the removing defendants to amend the petition for removal to specifically and properly plead the diversity jurisdiction of this Court based upon the corporate citizenship of the parties. Because the removing Defendant did express, albeit imperfectly, a general allegation of diversity jurisdiction in this Court, the removing Defendant is hereby permitted to amend its petition for removal to properly reflect the diversity jurisdiction of this Court.[11]

As a side matter, this Court does note that the Defendants could arguably have been found to have properly removed upon a later removal pursuant to the second paragraph of 28 U.S.C. § 1446(b).[12] This provision, therefore, establishes a one year maximum time limit for removal based

---

**9.**  Supporting Defendant Transportation Insurance's argument of unawareness of the service upon its codefendant is the fact that none of the removal pleadings filed with this Court on June 15, 1992, contain a certificate of service upon any representative of Defendant Casualty Insurance.  These pleadings do all contain a certificate of service upon the attorney of record for Plaintiff Milstead Supply.

**10.**  Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.  28 U.S.C. § 1653.

**11.**  The Plaintiff has not contested the substance of the Defendants' assertion of diversity jurisdiction.

**12.**  This second paragraph of Section 1446(b) provides that:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or

upon the diversity jurisdiction of federal courts. Because the Plaintiff did not plead as to the state(s) in which the principal places of business of the two defendants were located, the first served defendant had to conduct some investigation to ascertain the principal place of business of the later served defendant. Defendant Transportation Insurance apparently did not receive, until some time in July of this year, the papers confirming the principal place of business of Defendant Casualty Insurance Company [13] to be in Illinois, a state different from that of the Plaintiff.

## IV. CONCLUSION

ACCORDINGLY, IT IS ORDERED that Plaintiff's Motion to Remand is hereby DENIED and that Plaintiff's Motion to Expedite Remand is hereby DENIED AS MOOT.

IT IS FURTHER ORDERED that Defendant's Motion for Leave to File an Amended Petition for Removal is hereby GRANTED.

has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than one year after commencement of the action.
28 U.S.C. § 1446(b).

**13.** It may have been somewhat misleading to the first served Defendant that Defendant Casualty Insurance's complete name is listed as "Casualty Insurance Company of *Texas,* Inc." in the Plaintiff's original petition. (emphasis added). The counsel for Defendant Transportation Insurance did argue that this name was somewhat misleading. The use of the word Texas in the name could create some concern that the second served Defendant's principal place of business was in Texas.