Thomas PIANOVSKI, Plaintiff,

v.

**LAUREL MOTORS, INC.,**
**et al., Defendants.**

No. 96 C 771.

United States District Court,
N.D. Illinois,
Eastern Division.

May 7, 1996.

Richard Lawrence Canavan, Norman H. Lehrer, Lehrer, Flaherty & Canavan, Wheaton, IL, for Thomas Pianovski.

John Michael Touhy, Kira Elizabeth Druyan, Mayer, Brown & Platt, Chicago, IL, for Laurel Motors, Inc.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

On December 29, 1995, plaintiff, Thomas Pianovski, filed the complaint in this case against defendants Laurel Motors, Inc. ("Laurel") and Chase Auto Finance ("Chase") in the Circuit Court of DuPage County. Mr. Pianovski served Laurel with the complaint on January 11, 1996. On February 9, 1996, Laurel removed the case to federal court. Laurel declares in its notice of removal that as of the filing date of the notice, "no return of service with respect to [Chase] has been filed with the Clerk of DuPage County ... [and] Chase has not filed an appearance with the Clerk of DuPage County." Notice of Removal at ¶ 3. In his motion, Mr. Pianovski asserts that he served Chase on January 18, 1996 and filed the proof of service on Chase with the DuPage County Clerk on February 8, 1996. He ar-

gues that Laurel's failure to obtain Chase's consent renders the removal defective.

■ Generally, in order to remove a case to federal court under 28 U.S.C. § 1446(b), all defendants must join in a removal petition or consent to the removal. *Bristol Oaks, L.P. v. Chapman*, 1996 WL 73654, *2 (N.D.Ill. Feb. 16, 1996). A petition to which all defendants have not assented usually is defective and results in remand. *Keys v. Konrath*, No. 93 C 7302, 1994 WL 75037, *1 (N.D.Ill. March 10, 1994). The party removing the action, in this case Laurel, bears the burden of showing that it has fulfilled all the requirements for removal. *Fellhauer v. City of Geneva*, 673 F.Supp. 1445, 1447 (N.D.Ill.1987).

■ A petition to remove filed by one defendant must explain why other defendants did not join in the petition. *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 368 (7th Cir.1993). Laurel's notice of removal implies that Chase did not join in removing the case because it had not yet been served. If Chase was not served, then Laurel's notice of removal would be valid. *See id.* at 369. Mr. Pianovski served Chase on January 18, 1996, however, and filed the proof of service on February 8, 1996, one day before Laurel filed its notice of removal.

■ Laurel contends that its efforts to comply with the removal statute should excuse its failure to file a notice of removal in which Chase joined. Laurel explains that on February 8, 1996, its attorney called the DuPage County Clerk who informed her that no service of process regarding Chase had been filed. That same day, Laurel's attorney directed an employee in the docketing department of the law firm to inquire about this matter. On February 9, 1996, the law firm employee told Laurel's attorney that neither an appearance on behalf of Chase nor a return of service had been filed.

A phone call to the Clerk and an instruction to a docketing employee are insufficient to demonstrate diligence. Laurel should have taken further action to determine whether Chase had been served, such as attempting to contact Chase. *See Keys v.*

*Konrath, supra,* 1994 WL 75037 at *2. Requiring Laurel to have made more of an effort than it did is eminently reasonable because, according to Laurel, after a document is file-stamped in DuPage County, the Clerk takes three days to enter it in its computer and five weeks to place it in the court file.[1] Thus, Laurel could not have learned that Mr. Pianovski filed the return of service relating to Chase on February 8, 1996 merely by contacting the Clerk on February 8 and 9, 1996. Accordingly, I find that Laurel was not reasonably diligent. This case is, consequently, unlike one on which Laurel relies. *See Milstead Supply Co. v. Casualty Insurance Co.*, 797 F.Supp. 569, 573 (W.D.Tex.1992) (holding that first defendant that filed a removal petition did not have to join or obtain the consent of second defendant because *inter alia* first defendant was reasonably diligent).

This case is also distinguishable from the other cases which Laurel cites. *See e.g. Eltman v. Pioneer Communications of America, Inc.*, 151 F.R.D. 311, 314–15 (N.D.Ill. 1993) (finding that case was properly removed, as defendant that did not join notice of removal was served the same day as the removal petition was filed; and in any case, this defendant filed a proper consent to removal); *Lewis v. Rego Company*, 757 F.2d 66, 68 (3rd Cir.1985) (holding that removal petition in which all defendants but one joined was valid in part because the non-joining defendant was not served until after the petition was filed, though petition alleged only that this defendant had not yet entered an appearance).

■ Laurel failed to comply with the requirement that all defendants join in or consent to the removal petition. Accordingly, this case is remanded to the Circuit Court of DuPage County, Illinois. Mr. Pianovski seeks costs and fees due to Laurel's defective removal petition. This case was removable in that there was federal subject matter jurisdiction under 28 U.S.C. § 1331. Moreover, Laurel's attempt to remove was not made in bad faith and would have been successful if not for the mistake in the notice of removal.

1. The fact that Laurel did not discover these facts until April 12, 1996 is not an excuse.

Consequently, Mr. Pianovski is not entitled to an award of costs or fees. *See Keys v. Konrath, supra,* 1994 WL 75037 at *3.