Lynn E. PARKER, Plaintiff,

v.

JOHNNY TART ENTERPRISES, INC.; Lisa Austin, individually and in her official capacity as Manager for Johnny Tart Enterprises, Inc.; Kenneth Ofalen, individually and in his official capacity as Manager for Johnny Tart Enterprises, Inc.; and Melanie Blackstock, Defendants.

No. 1:99CV00601.

United States District Court, M.D. North Carolina.

Oct. 4, 1999.

Jeremy L. McKinney, D'Amelio McKinney & Ernest, LLP, Greensboro, NC, for Lynn E. Parker, plaintiff.

Stephen F. Fisher, Kristin Elise Toussaint, Jackson, Lewis, Schnitzler & Krupman, Greenville, SC, for defendants.

## MEMORANDUM OPINION

BULLOCK, District Judge.

This matter is before the court on a motion to remand filed by Plaintiff Lynn E. Parker. This action began when Plaintiff filed suit against Defendants Johnny Tart Enterprises, Inc. ("Tart"), Lisa Aus-

tin ("Austin"), Kenneth O'Fallon ("O'Fallon"),[1] and Melanie Blackstock ("Blackstock") in the General Court of Justice, Superior Court Division, Guilford County, North Carolina. Defendants Tart, Austin, and O'Fallon removed the action to federal court, alleging federal question jurisdiction. Plaintiff responded by moving to remand the case to state court, on the ground that Blackstock failed to join in the notice of removal within the time limit set forth in 28 U.S.C. § 1446(b). For the reasons set forth below, the court will grant Plaintiff's motion to remand.

## FACTS

Plaintiff originally filed this action on June 22, 1999, in the Superior Court of Guilford County, North Carolina, alleging both federal and state law claims. Plaintiff's claim arising under federal law alleged employment discrimination in violation of Title VII of the Civil Rights Act of 1964. Plaintiff's remaining claims arose under state law and alleged intentional and negligent infliction of emotional distress, negligent supervision, assault and battery, and wrongful termination in violation of North Carolina public policy. Plaintiff served process by certified mail on all Defendants on June 25, 1999.

On July 22, 1999, Tart, Austin, and O'Fallon filed a notice of removal from state court pursuant to 28 U.S.C. § 1441, which alleged this court had original jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e. The fourth Defendant, Blackstock, did not join in the removal notice. On July 26, 1999, Plaintiff moved to remand the matter to the state court on the ground that Blackstock failed to join in

or consent to the notice of removal within the thirty-day removal period set forth in 28 U.S.C. § 1446(b). On July 29, 1999, thirty-four days after service of process, Blackstock filed a notice of consent to removal.

Defendants concede that Blackstock did not join in or consent to removal of this action within thirty days after service of process as required by 28 U.S.C. § 1446(b). However, Tart, Austin, and O'Fallon contend that Blackstock's delay should be excused. In support of their position, Tart, Austin, and O'Fallon argue that the failure of Plaintiff to file a return of service indicating that Blackstock had been served on June 25, 1999, precluded Tart, Austin, and O'Fallon from ascertaining whether Blackstock had been served. Consequently, Tart, Austin, and O'Fallon argue, this court should excuse their failure to obtain Blackstock's consent to removal within the thirty-day time limit set forth in 28 U.S.C. § 1446(b).

Plaintiff argues that, because all the Defendants were served via certified mail on June 25, 1999, rather than by personal service or substitute personal service, Plaintiff had no duty to file a return of service with the Guilford County Superior Court Clerk's Office. Thus, Plaintiff contends, service of process was effective for all Defendants as of June 25, 1999, and Blackstock was required to join in or consent to the notice of removal by July 26, 1999.[2] Because Blackstock did not consent until July 29, 1999, Plaintiff asserts this action was improvidently removed and should be remanded to state court. Additionally, Plaintiff argues that this court

---

**1.** Plaintiff misidentified this Defendant in her summons and complaint as "Kenneth Ofalen." (Defs.' Opp'n to Remand at 1). Federal Rule of Civil Procedure 12(h)(1), in relevant part, states: "A defense of . . . insufficiency of process is waived . . . if it is neither made by motion under this rule nor included in a responsive pleading . . . ." Defendant O'Fallon did not raise the issue of insufficiency of process in an original motion under Rule 12(b) or in the answer filed by O'Fallon on July 29,

1999. Thus, pursuant to Rule 12(h)(1), O'Fallon waived any challenge to the sufficiency of process in this case. *See* Fed.R.Civ.P. 12(h)(1).

**2.** Thirty days after service on all Defendants was actually Sunday, July 25, 1999. Therefore, the deadline for removal actually expired on Monday, July 26, 1999. *See* Fed. R.Civ.P. 6(a).

should not carve out an "exceptional circumstances" exception to the requirement that all Defendants join in or consent to the notice of removal within the time limit prescribed by 28 U.S.C. § 1446(b). Therefore, Plaintiff asserts, Defendants lack any viable justification for Blackstock's untimely notice of consent to removal and this action should be remanded to state court.

## DISCUSSION

 It is a fundamental principle that federal courts are courts of limited jurisdiction, empowered to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute. *See Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 374, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). The burden of establishing federal jurisdiction rests upon the party seeking removal. *See Mulcahey v. Columbia Organic Chems. Co., Inc.,* 29 F.3d 148, 151 (4th Cir.1994); *see also* 14C Charles Alan Wright, Arthr R. Miller & Edward H. Cooper (Wright & Miller), *Federal Practice and Procedure* § 3739 at 423–24 (3d ed. 1998) ("It is also well-settled under the case law that the burden is on the party seeking to preserve the district court's removal jurisdiction, typically the defendant, ... to show the requirements for removal have been met."). In addition, because removal of a civil action from state court is an infringement on state sovereignty, the statutory provisions regulating removal must be strictly applied and failure to comply with those provisions generally constitutes an adequate ground for remand to state court. *See Mason v. International Bus. Machs., Inc.,* 543 F.Supp. 444, 445 (M.D.N.C.1982).

Section 1441(b) of Title 28, which governs removal of a civil action from state court if the matter involves a federal question, provides: "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b). Plaintiff alleges employment discrimination by Defendant Tart in violation of 42 U.S.C. § 2000e. Thus, this court has original jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1331 and 42 U.S.C. § 2000e. In addition, Plaintiff alleges several causes of action arising under state law, all of which fall within the purview of the supplemental jurisdiction of this court under 28 U.S.C. § 1367.

 Section 1446 of Title 28 sets forth the procedures which the defendant or defendants must follow to remove a civil action from state court to federal court. Pursuant to Section 1446(a), the defendant or defendants must file "a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of grounds for removal." 28 U.S.C. § 1446(a). Furthermore, although the removal and remand statutes do not expressly require such action, the Fourth Circuit holds that Section 1446(a) requires all defendants in an action who may properly join in a notice of removal made under Section 1441(a) or Section 1441(b) to join in or consent to the notice of removal, otherwise the removal is defective. *See Freeman v. Bechtel,* 936 F.Supp. 320, 324–25 (M.D.N.C.1996) (citing *Gableman v. Peoria, Decatur & Evansville Ry. Co.,* 179 U.S. 335, 21 S.Ct. 171, 45 L.Ed. 220 (1900) and *Perpetual Bldg. & Loan Ass'n v. Series Directors of Equitable Bldg. & Loan Ass'n, Series No. 52,* 217 F.2d 1 (4th Cir.1954)).[3] This "rule of una-

---

3. The requirement that all defendants join in the notice of removal has three recognized exceptions within the Fourth Circuit. A defendant need not join in or consent to the notice of removal if: (1) the non-joining defendant has not been served with service of process at the time the notice of removal is filed; (2) the non-joining defendant is merely a nominal or formal party; or (3) the removed claim is independent of one or more non-removable claims against the non-joining defendant. *Freeman,* 936 F.Supp. at 325 n. 2. Defendants have not argued, nor is there any

nimity," as it is referred to, does not require all of the defendants to sign the notice of removal; however, it does require that each defendant officially and unambiguously consent to the notice of removal. *See Mason,* 543 F.Supp. at 446, and *Martin Oil Co. v. Philadelphia Life Ins.,* 827 F.Supp. 1236, 1237 (N.D.W.Va.1993).

▮▮▮ Section 1446(b) requires the notice of removal to "be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief." 28 U.S.C. § 1446(b). In the multiple defendant setting, each individual defendant has thirty days from the time they are served with process to join in an otherwise valid notice of removal. *See McKinney v. Board of Trustees of Maryland Community College,* 955 F.2d 924, 928 (4th Cir.1992). If the summons and the complaint are served simultaneously, the thirty-day period for removal begins to run at once. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 119 S.Ct. 1322, 1328, 143 L.Ed.2d 448 (1999).

Defendants Tart, Austin, and O'Fallon rely upon *Milstead Supply Co. v. Casualty Ins. Co.,* 797 F.Supp. 569 (W.D.Tex.1992). In *Milstead,* the court held that because the removing defendant was reasonably diligent in attempting to ascertain whether the non-joining defendant had been served at the time the removing defendant filed its notice of removal, "exceptional circumstances" excused the failure of the co-defendant to join in or consent to the removal petition within the thirty-day statutory time limit. *Id.* at 573. In support of its decision, the court recognized that "[t]he Texas Rules of Civil Procedure permit any properly authorized person to serve process and citation upon the defendants .... The Texas Rules also require

that the citation, once served upon the appropriate defendant, be returned to the court." *Id.* (citing Texas Rules of Civil Procedure 103, 107, and 105). In further support of its decision, the court noted that "the return of service upon [the non-joining co-defendant] was filed with the state court at 2:05 p.m. on June 15, 1992. [The removing defendant's] original petition for removal and notice of removal were filed with [the federal court] on June 15, 1992, at 5:01 p.m." *Id.* at 573. From this, the court determined that less than three hours was neither enough time for the removing party to become aware of the filing of the return of service nor enough time to obtain the joinder or consent of the other parties. *Id.* at 573. Therefore, in light of "the unique and exceptional facts and circumstances," the court excused the procedural defect. *Id.* at 574.

Defendants Tart, Austin, and O'Fallon attempt to analogize the case at bar to *Milstead* and contend that Blackstock's untimely consent was justified due to the "exceptional circumstances" of this case. Specifically, Tart, Austin, and O'Fallon argue that Rule 4(c) of the North Carolina Rules of Civil Procedure required Plaintiff to file a return of service stating that Blackstock had been served. Additionally, Tart, Austin, and O'Fallon argue, because of Plaintiff's failure to file any returns of service and despite the "reasonably diligent efforts" [4] of Tart, Austin, and O'Fallon to determine whether Blackstock had been served, there was "absolutely no reason to believe Blackstock had been served" at the time Tart, Austin, and O'Fallon filed their notice of removal. According to Tart, Austin, and O'Fallon, the foregoing facts amount to "exceptional circumstances," which require this court to ignore Blackstock's procedurally defective con-

---

reason to find, that any of these exceptions are applicable to the facts of this case.

**4.** The "diligent efforts" of Defendants Tart, Austin, and O'Fallon consisted of one telephone call to the Guilford County Superior Court Clerk's Office during the week of July 5, 1999, and a second telephone call to the Guilford County Clerk's Office during either the week of July 12, 1999, or July 19, 1999. *See* Defs.' Opp'n to Remand at 5.

sent to the notice of removal and deny the motion to remand.

▮ Defendants place too much reliance on their search for and the absence of a return of service for Defendant Blackstock in the state court records prior to the filing of Defendants' notice of removal. Rule 4(c) by its terms states that "failure to return a summons to the Clerk after it has been served on every party named in the summons shall not invalidate the summons." N.C. Gen.Stat. § 1A–1, Rule 4(c). Accordingly, whether Rule 4(c) imposes a duty to file a return of service on a plaintiff who serves process on a natural person by mailing a copy of the summons and complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee, need not be reached by this court. Even if Rule 4(c) imposed a duty on Plaintiff to file a return of service in this case, the express terms of Rule 4(c) state that failure to file said return of service would not invalidate the summons. Therefore, the summons and complaint served on all the Defendants on June 25, 1999, were valid under North Carolina law and, pursuant to *Murphy Bros., Inc.,* —— U.S. at ——, 119 S.Ct. at 1328, the thirty-day removal period began to run at once for all of the Defendants.

"The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded." *Owen Equip. & Erection Co.,* 437 U.S. at 374, 98 S.Ct. 2396. Furthermore, "federal jurisdiction founded upon removal should be rejected where the propriety of removal is doubtful." *Mason,* 543 F.Supp. at 446 n. 3. Service of process on all Defendants was achieved on June 25, 1999, and the time for Blackstock to join in or consent to the notice of removal filed by Tart, Austin, and O'Fallon expired

on July 26, 1999. Because Blackstock failed to consent until July 29, 1999, all Defendants did not join in or consent to the notice of removal within thirty days of service of process as required by 28 U.S.C. § 1446(b). Moreover, there is no authority within the Fourth Circuit supporting the creation or application of an equitable exception to the thirty-day time limit of 28 U.S.C. § 1446(b) based on "exceptional circumstances."[5] Accordingly, this action was improvidently removed and should be remanded to state court.

▮ Plaintiff has also moved for payment of costs and attorney's fees expended in conjunction with the removal proceedings. Section 1447(c) of Title 28, United States Code, states: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Pursuant to the plain language of Section 1447(c), such an award is within the discretion of the court. The instant case presents an issue of first impression in this district. In this case, Defendants' argument for removal jurisdiction, while novel and supported by a limited basis of authority, is at least colorable. Accordingly, pursuant to its discretionary authority, the court will deny Plaintiff's motion for an award of costs and attorney's fees. *See Griffin v. Holmes,* 843 F.Supp. 81, 88 (E.D.N.C.1993) (finding award of attorney's fees inappropriate because the defendant acted in apparent good faith on a colorable claim of removal) and *Kluksdahl v. Muro Pharm., Inc.,* 886 F.Supp. 535, 540 (E.D.Va.1995) (holding an award of attorney's fees inappropriate where defendant's attempt at removal was a legitimate one grounded in respectable legal authority).

An order in accordance with this memorandum opinion shall be entered contemporaneously herewith.

---

**5.** Even if this court were to apply a *"Milstead"*-type exception, the facts and circumstances of this case do not warrant a finding of the type of exceptional circumstances found in *Milstead.* In this case, failure to file a return of service did not invalidate the summons, nor were the removing Defendants "reasonably diligent" in ascertaining whether the non-removing Defendant had been served.

## ORDER

For the reasons set forth in the memorandum opinion filed contemporaneously herewith,

IT IS ORDERED that Plaintiff's motion to remand [Doc. # 4] is **GRANTED**, and this action is **REMANDED** to the General Court of Justice, Superior Court Division, Guilford County, North Carolina.

IT IS FURTHER ORDERED that Plaintiff's motion for costs and attorney's fees [Doc. # 4] is **DENIED**.