**Steven J. BRODAR and Kathy Mechell Brodar, Plaintiffs,**

v.

**Bruce D. McKINNEY, Preferred Care, Inc., and North Carolina Chiropractic Association, Incorporated Defendants.**

**No. CIV.1:04 CV 00957.**

United States District Court, M.D. North Carolina.

April 13, 2005.

---

David B. Puryear, Jr., Robert Joseph Lingle, Puryear and Lingle, P.L.L.C., Greensboro, NC, for Plaintiffs.

Bryan G. Scott, Paul D. Coates, Pinto Coates Kyre & Brown, PLLC, Greensboro, NC, for Defendants.

## MEMORANDUM OPINION

BULLOCK, District Judge.

Stephen J. Brodar and Kathy Mechell Brodar (collectively "Plaintiffs") brought this action in the Davidson County Superior Court Division of the General Court of Justice of the State of North Carolina on September 15, 2004, against Bruce D. McKinney ("McKinney"), Preferred Care, Inc. ("PCI"), and North Carolina Chiropractic Association, Incorporated ("NCCAI"). Defendants McKinney and PCI were served with the summons and complaint on September 20, 2004. Plaintiffs attempted to serve the summons and complaint on Defendant NCCAI by certified mail to the corporation's registered agent but were unsuccessful. Plaintiffs filed an amended complaint on September 30, 2004. Plaintiffs served an alias and pluries summons, together with copies of the complaint and the amended complaint, on Defendant NCCAI by certified first-class mail on October 4, 2004, as shown by the affidavit of service of process by certified mail, and mailed their affidavit of service on NCCAI to counsel for Defendants McKinney and PCI on October 11, 2004. Plaintiffs filed their affidavit in the state court on October 15, 2004. Defendants McKinney and PCI filed a notice of removal to this court on October 15, 2004, on the basis of federal question jurisdiction. On October 28, 2004, Defendant NCCAI submitted to the state court a motion for an extension of time to file its answer acknowledging receipt of service of process on October 4, 2004. Defendant NCCAI did not join in the notice of removal at the time of its filing and has not filed its own notice of removal or a written consent to the notice of removal filed by Defendants McKinney and PCI within the time permitted by 28 U.S.C. § 1446. Before the court is Plaintiffs' motion to remand.

## DISCUSSION

I. *Generally All Defendants Must Join in the Removal of an Action or the Removal is Defective*

■ 28 U.S.C. § 1446 sets forth the procedure for removal, which a single defendant or multiple defendants must follow in order to remove a civil action filed in state court to federal court. "Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir.1994) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214, (1941)). Section 1446(a) of Title 28 provides that "[a] defendant or defendants desiring to remove any civil action ... from a State court shall file in [federal] district court ... a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal."

■ Courts have uniformly ruled that the phrase "a defendant or defendants" in Section 1446(a) of Title 28 requires that all defendants join in or otherwise consent to a notice of removal filed under Section 1441(a) of Title 28. *Parker v. Johnny Tart Enters. Inc.*, 104 F.Supp.2d 581, 583 (M.D.N.C.1999) ("although the removal and remand statutes do not expressly require such action, the Fourth Circuit holds that Section 1446(a) requires all defendants in an action who may properly join

in a notice of removal made under Section 1441(a) or Section 1441(b) to join in or consent to the notice of removal, otherwise the removal is defective"); *Freeman v. Bechtel,* 936 F.Supp. 320, 324–25 (M.D.N.C.1996) (citing *Gableman v. Peoria, Decatur & Evansville Ry. Co.,* 179 U.S. 335, 21 S.Ct. 171, 45 L.Ed. 220 (1900)); *see Perpetual Bldg. & Loan Ass'n v. Series Directors of Equitable Bldg. & Loan Ass'n, Series No. 52,* 217 F.2d 1 (4th Cir.1954), *cert. denied.,* 349 U.S. 911, 75 S.Ct. 599, 99 L.Ed. 1246 (1955); *Adams v. Aero Servs. Int'l, Inc.,* 657 F.Supp. 519, 521 (E.D.Va.1987); *Folts v. City of Richmond,* 480 F.Supp. 621, 624–25 (E.D.Va. 1979). Known as the 'rule of unanimity,' this mandate "does not require all of the defendants to sign the notice of removal; however, it does require that each defendant officially and unambiguously consent to the notice of removal." *Parker,* 104 F.Supp.2d at 583–84 (citing *Mason v. Int'l Bus. Machs., Inc.,* 543 F.Supp. 444, 446 (M.D.N.C.1982); and *Martin Oil Co. v. Philadelphia Life Ins. Co.,* 827 F.Supp. 1236, 1237 (N.D.W.Va.1993)). "[T]he failure of all defendants to join in or otherwise consent to a notice of removal constitutes a defect other than lack of subject matter jurisdiction, which is waived unless it is raised in a motion to remand within thirty days after the filing of the notice of removal under section 1446(a)." *Miller ex rel. Estate of Dimas v. Morocho Brother's Constr., Inc.,* No. 1:03CV00924, 2004 WL 727040, at *4 (M.D.N.C. Mar. 31, 2004) (citing 28 U.S.C. § 1447(c)); *see also Egle Nursing Home, Inc. v. Erie Ins. Group,* 981 F.Supp. 932, 935 (D.Md.1997) ("the consent of all defendants to removal is not a mere technicality, but an important part of the burden carried by the party seeking removal jurisdiction").

Here, Defendants McKinney and PCI filed their notice of removal based on federal question jurisdiction on October 15, 2004. Defendant NCCAI did not filed its own notice of removal and did not join in the notice of removal or file a written consent to the notice of removal filed by Defendants McKinney and PCI within the time permitted by 28 U.S.C. § 1446.[1] Accordingly, the court finds that Defendants McKinney and PCI's removal was defective for failing to include Defendant NCCAI.

II. *Defendants McKinney and Preferred Care, Inc., Failed to Timely Allege Why Defendant North Carolina Chiropractic Association, Incorporated, Did not Join in Their Removal*

 It is incumbent upon a party petitioning to remove an action from state court to federal court to allege in the petition for removal "a short and plain statement of the facts which entitle" the party to remove, 28 U.S.C. § 1446(a). "A petition filed by less than all of the named defendants is defective if it fails to contain an explanation for the absence of co-defendants." *N. Ill. Gas Co. v. Airco Indus. Gases, A Div. of Airco, Inc.,* 676 F.2d 270, 273 (7th Cir.1982); *see P.P. Farmers' Elevator Co. v. Farmers Elevator Mut. Ins. Co.,* 395 F.2d 546, 548 (7th Cir.1968) ("'[W]here the suit involves multiple defendants and one or more of the defendants does not join in the petition, better practice dictates that the petition expressly indicate why, e.g., that he is a nominal party or was not served ....'" (quoting 1A *Moore's Federal Practice,* p. 1202, par. 0.168[3.–4] )); *Egle Nursing Home, Inc.,* 981 F.Supp. at 934–35 (finding failure by

---

1. Defendant NCCAI acknowledged in its state court motion for an extension of time to file an answer that it received service of process on October 4, 2004. Accordingly, Defendant NCCAI had thirty days from October 4, 2004, to act regarding removal.

removing party to demonstrate in its original notice of removal why not all defendants needed to consent to the removal justified remand). Removing parties may amend their notice of removal to include reasons justifying the exclusion of co-defendants from the removal petition, but such amendments generally must be made within the thirty-day time period for removal. *See Egle Nursing Home, Inc.,* 981 F.Supp. at 935 ("The weight of authority holds that amendments of a notice of removal after the initial thirty-day period for removal has passed are permitted only to correct technicalities or to set out more specifically the grounds for removal already stated in the original notice.")

■ Defendants McKinney and PCI did not allege any reason for Defendant NCCAI's failure to join in their notice of removal nor any grounds which would except them from the requirement that all defendants must join in a removal within thirty days of their receipt of service of process. Defendants McKinney and PCI did not amend their petition for removal within the thirty-day time period after being served to include any basis for failing to join Defendant NCCAI. Plaintiffs timely filed a motion to remand on November 15, 2004. In their brief opposing Plaintiffs' motion to remand, Defendants McKinney and PCI allege for the first time that Defendant NCCAI is a nominal party which is neither necessary nor indispensable to the suit, that Defendants McKinney and PCI were unaware of service of process on Defendant NCCAI prior to filing for removal,[2] and that Plaintiffs

fraudulently joined Defendant NCCAI as a party.[3] Defendants McKinney and PCI's arguments fail, however, because their petition for removal contains no reference to any of the subsequently alleged grounds justifying their failure to join Defendant NCCAI. Defendants McKinney and PCI failed to cure the defective petition for removal and the court will not consider their untimely justifications. Accordingly, the court will grant Plaintiffs' motion to remand.

### III. *Attorney Fees Not Appropriate*

■■ Plaintiffs have also requested an award of attorney fees incurred as a result of these removal proceedings pursuant to 28 U.S.C. § 1447(c). Section 1447(c) of Title 28 provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Pursuant to the plain language of Section 1447(c), such an award is within the discretion of the court." *Parker v. Johnny Tart Enters., Inc.,* 104 F.Supp.2d 581, 585 (M.D.N.C.1999). There is no evidence that Defendants McKinney and PCI removed the action in bad faith, however, and therefore the court will deny Plaintiffs' request for attorney fees.

### CONCLUSION

Plaintiffs' motion to remand will be granted and Plaintiffs' request for an award of attorney fees will be denied.

---

**2.** Plaintiffs note that the record lacks a sworn statement regarding the removing Defendants' lack of knowledge of service on Defendant NCCAI and that Plaintiffs' counsel mailed Defendants McKinney and PCI affidavits showing the service of process on Defendant NCCAI on October 11, 2004. (Reply Br. Supp. Pls.' Mot. Remand 3.)

**3.** Defendants McKinney and PCI's unamended basis for removal from state court is federal question jurisdiction, not diversity jurisdiction. Accordingly, the allegation regarding Plaintiffs' fraudulent joinder of Defendant NCCAI for the purpose of destroying diversity is not only untimely but also lacks relevance to the matter before the court.