**Mary P. BUTLER and Vicky L. Embry, Plaintiffs,**

v.

**NORTH CAROLINA DEPARTMENT OF TRANSPORTATION, Defendant.**

**1:15–cv–695**

United States District Court, M.D. North Carolina.

Signed January 5, 2016

John W. Gresham, Tin Fulton Walker & Owen, PLLC, Charlotte, NC, for Plaintiffs.

Thomas Henry Moore, N. C. Department of Justice, Raleigh, NC, for Defendant.

### *MEMORANDUM ORDER*

THOMAS D. SCHROEDER, District Judge.

This is an employment discrimination action removed to this court on the basis of federal question jurisdiction. Before the court are Plaintiffs' motion to remand and request for attorneys' fees (Doc. 11) and Defendant's motions to dismiss (Doc. 4) or transfer (Doc. 15) this action. For the reasons set forth below, Plaintiffs' motion will be granted in part and the case remanded to the Superior Court of Mecklenburg County, North Carolina, but the request for an award of attorneys' fees will be denied. Defendant's motion to transfer this case will be denied. Defendant's motion to dismiss this case will be denied as moot.

### I. BACKGROUND

On July 23, 2015, Plaintiffs filed this action in the Superior Court of Mecklenburg County, North Carolina. (Doc. 6 at 1.) Plaintiffs allege that their employer, North Carolina Department of Transportation ("NC DOT"), violated the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq., and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., by discriminating against them on the basis of sex. (*Id.* at 3–4.) On August 24, 2015, NC DOT filed a notice of removal with this court. (Doc. 1.) The removal notice refers to this District in the case caption and states that both Plaintiffs reside in this District. (*Id.* at 1–2.) The removal notice also states, however, that NC DOT intended to remove this action "from the Superior Court of Mecklenburg County, North Carolina to the United States District Court for the Western District of North Carolina." (*Id.* at 2 (emphasis added).) NC DOT filed its motion to dismiss for failure to state a claim the same day that it filed its removal notice. (Doc. 4.)

On September 22, 2015, Plaintiffs filed their motion to remand this action to State court. (Doc. 11.) NC DOT responded with its motion to transfer, conceding that it should have removed this action to the United States District Court for the Western District of North Carolina, but arguing that this court should transfer this action to the Western District rather than remanding it to State court. (Doc. 16.) Plaintiffs oppose NC DOT's request for a transfer and request that this court award them reasonable attorneys' fees in connection with the motions to remand and transfer. (Doc. 17.)

## II. ANALYSIS

█ Generally, a defendant may remove any civil action from a State court to a federal district court so long as the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). However, defendants seeking to remove a civil action from State court must file a removal notice "in the district court of the United States for the district and division within which such action is pending." *Id.* § 1446(a). Removal to an improper district "is a substantial defect in removal procedure." *Addison v. N.C. Dep't of Crime & Pub. Safety,* 851 F.Supp. 214, 218 (M.D.N.C.1994).

█ The removal statute does not create jurisdiction, but merely provides a procedural mechanism that "enable[s] federal courts to hear cases that are already within their original jurisdiction." *Lontz v. Tharp,* 413 F.3d 435, 444 (4th Cir.2005). As a result, some courts have held that cases removed to an improper court may be transferred to the appropriate district, rather than remanded to State court, when necessary to prevent injustice or unnecessary delay. *See,* e.g., *Kreimerman v. Casa Veerkamp, S.A. de C.V.,* 22 F.3d 634, 644–45 (5th Cir.1994). These courts generally reason by analogy to 28 U.S.C. § 1406(a), which permits courts to transfer cases brought in an improper venue. *See id.* The transfer statute, however, "is a general venue statute and provides no authority to transfer the venue of removed actions, because 28 U.S.C. § 1441(a) governs venue in removed actions." *See Maysey v. CraveOnline Media, LLC,* No. CV 09–1364–PHX–JAT, 2009 WL 3740737, at *2 (D.Ariz. Nov. 5, 2009) (citing *Polizzi v. Cowles Magazines,* Inc., 345 U.S. 663, 665–66, 73 S.Ct. 900, 97 L.Ed. 1331 (1953)). As a result, another court in this district has held that "[d]istrict courts can and should police" the removal statute "by remanding cases brought in the wrong district." *Ad-*

*dison,* 851 F.Supp. at 218; *see also Maysey,* 2009 WL 3740737 at *2 ("When a party removes a case to the improper [district court], that district court's appropriate response should be to remand the case back to state court and not to transfer it . . . to the proper district.").

█ The court recognizes that, upon remand, NC DOT may not be able to remove this case to the correct federal court. But § 1446(a) "is clear and specific as to which district removal may be made." *Addison,* 851 F.Supp. at 218. As a result, any harm NC DOT may suffer is attributable to its own failure to follow the statute's clear instructions. *See id.* ("If, after remand, defendants will have lost the opportunity to timely remove the case to the correct district, that is simply the consequence of taking the law into one's own hands."). In any event, any such harm is minimal because NC DOT remains free to fully litigate its case in State court. As a result, this case does not require the court to decide whether it has "discretion to transfer a case in order to prevent gross injustice such as might occur if the improper removal to an adjacent district were innocent and because a remand would result in the dismissal of the cause of action." *Id.* at 218 n. 3. Accordingly, the court concludes that this action should be remanded to State court.

█ Plaintiffs also move for an award of reasonable attorneys' fees incurred as a result of removal. (Doc. 12 at 2–3.) Such fees are recoverable within the discretion of the court. 28 U.S.C. § 1447(c); *In re Lowe,* 102 F.3d 731, 733 n. 2 (4th Cir.1996). "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a

general matter, when the statutory criteria are satisfied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). Such an award should not be made as a matter of course but rather where, absent unusual circumstances, "the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141, 126 S.Ct. 704. A legal argument that is supported by a limited basis of authority and is at least colorable is likely objectively reasonable. *See Parker v. Johnny Tart Enters., Inc.*, 104 F.Supp.2d 581, 585 (M.D.N.C.1999). Bad faith is not required to award fees, however. *In re Lowe*, 102 F.3d at 733 n. 2.

Relatively few courts have addressed the issue of whether an award of attorneys' fees is appropriate when a case that clearly meets the criteria for removal under § 1441(a) is removed to the wrong district. At least one case in this circuit approved an award of fees under circumstances similar to those in this case. *See Anton Leasing, Inc. v. Engram*, 846 F.2d 69, 1988 WL 33381, at *1–2 (4th Cir.1988) (unpublished).[1] In *Anton Leasing*, the defendant, a licensed attorney, attempted to remove an action from a State court in Maryland to a federal district court in West Virginia. *Id.* at *1. The defendant failed to respond to the plaintiff's motion for remand, and the court remanded the case without awarding costs or fees. *Id.* After the case was remanded, however, the defendant filed a motion to alter or amend the district court's judgment, seeking a transfer of the case instead of remand. *Id.* The district court denied the defendant's motion to transfer and awarded fees to the plaintiff. *Id.* In light of the defendant's behavior, the Fourth Circuit concluded that the removal petition was "so

patently without merit that the 'inescapable conclusion' is that it was filed in bad faith." *See id.*

■ Here, the court concludes that an award of attorneys' fees is not appropriate. There is no dispute that NC DOT had an objectively reasonable basis for seeking to remove this action, albeit in a different District. Similarly, there is no dispute that NC DOT removed this action to the wrong District due to an inadvertent mistake by counsel, rather than to prolong litigation or increase the Plaintiffs' costs. After the error was brought to its attention, NC DOT promptly responded to Plaintiffs' motion to remand, admitting its mistake and seeking to remedy the situation by having the case transferred. Thus, unlike the situation in *Anton Leasing*, neither the removal petition itself nor NC DOT's subsequent behavior provides any suggestion of bad faith. In addition, NC DOT's motion to transfer is supported by at least a limited basis of authority, particularly the Fifth Circuit's opinion in *Kreimerman*, and NC DOT made a colorable argument for distinguishing this case from the holding in *Addison*. Although, for the reasons explained above, the court is ultimately persuaded that remand is the appropriate course under the circumstances of this case, NC DOT nevertheless acted reasonably to correct its mistake with regard to the removal procedure. The court therefore concludes that an award of attorneys' fees is not appropriate under the circumstances of this case.

## III. CONCLUSION

For the reasons stated, therefore,

IT IS ORDERED that Plaintiffs' motion to remand this action (Doc. 11) is GRANTED IN PART and DENIED IN PART,

---

1. Non-binding unpublished decisions are cited only for the persuasive value of their reasoning.

and this case is REMANDED to the Superior Court of Mecklenburg County, North associated with their motion is DENIED.

IT IS FURTHER ORDERED that Defendant's motion to transfer this action (Doc. 15) is DENIED.

IT IS FURTHER ORDERED that Defendant's motion to dismiss this action for failure to state a claim (Doc. 4) is DENIED AS MOOT.